# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAAZ QURESHI, individually and on behalf of others similarly situated**,<br>182 SCHOOL STREET<br>NORTHVALE, NJ 07647<br><br>*Plaintiff,*<br><br>v.<br><br>**AMERICAN UNIVERSITY**,<br>4400 Massachusetts Ave., NW<br>Washington, DC 20016<br><br>*Defendant.* | Case No. ___-cv-_____ |

## CLASS ACTION COMPLAINT

1. Plaintiff Maaz Qureshi ("Plaintiff") by and through undersigned counsel, brings this action against American University ("Defendant" or the "University") on behalf of himself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

## PRELIMINARY STATEMENT

2. Plaintiff brings this case as a result of Defendant's decision to close campus, constructively evict students, and transition all classes to an online/remote format as a result of the Novel Coronavirus Disease ("COVID-19").

3. While closing campus and transitioning to online classes was the right thing for Defendant to do, this decision deprived Plaintiff and the other members of the Classes from recognizing the benefits of in-person instruction, access to campus facilities, student

1

    activities, and other benefits and services in exchange for which they had already paid fees and tuition.

4. Defendant has either refused to provide reimbursement for the tuition, fees and other costs that Defendant is no longer providing, or has provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

5. This action seeks refunds of the amount Plaintiff and other members of the Class are owed on a pro-rata basis, together with other damages as pled herein.

## PARTIES

6. Defendant American University is an institution of higher learning located in the District of Columbia.

7. Upon information and belief, Defendant has an estimated endowment that exceeds $676 Million.[1]

8. Moreover, upon information and belief, Defendant may be eligible to receive federal stimulus under the CARES Act.  The Act directs that approximately 14 billion dollars be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

9. Plaintiff is an individual and a resident and citizen of the state of New Jersey.

10. Plaintiff is currently enrolled as a full time student in Defendant's undergraduate program, studying international relations.

---

[1] https://www.usnews.com/best-colleges/american-university-1434

11. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket or by utilizing student loan financing, or otherwise.

12. There are hundreds, if not thousands, of institutions of higher learning in this country.

13. Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical attendance by the students.

14. Defendant's institution offers in person, hands on curriculum.

15. Plaintiff and members of the Proposed Tuition Class did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendant's institution and enroll on an in-person basis.

16. Defendant markets the on campus experience as a benefit of enrollment.

17. For example, an entire page on Defendant's website is dedicated to "University Life" and touts such things as Greek life, athletics, and student organizations.[2]

18. Defendant also markets the benefits of their physical campus location, stating, "DC serves as a laboratory of learning for students."[3]

19. Common sense would dictate that the level and quality of instruction an educator can provide through an online format is lower than the level and quality of instruction that can be provided in person.

20. Moreover, the true college experience encompasses much more than just the credit hours and degrees. The college experience consists of:

   i. Face to face interaction with professors, mentors, and peers;

   ii. Access to facilities such as computer labs, study rooms, laboratories, libraries, etc;

---

[2] https://www.american.edu/universitylife/
[3] Id.

3

    iii. Student governance and student unions;

    iv. Extra-curricular activities, groups, intramurals, etc;

    v. Student art, cultures, and other activities;

    vi. Social development and independence;

    vii. Hands on learning and experimentation; and

    viii. Networking and mentorship opportunities.

21. Plaintiff's education has transitioned from in-person hands on learning to online instruction.

22. Plaintiff's online instruction is not commensurate with the same classes being taught in person.

23. For example, few if any of Plaintiff's classes are currently being taught "live" in an online format.  Some lectures are simply uploads of pre-recorded videos that do not allow for student/teacher interaction, and a number of classes are simply posting reading assignments with no video instruction at all.

24. In addition to tuition, Plaintiff was required to pay certain mandatory fees, including but not limited to:

    a. Activity Fee;

    b. Sports Center Fee;

    c. Technology Fee; and

    d. Metro U-Pass Fee

25. According to Defendant, the mandatory activity fee is intended to provide for student sponsored programs that "contribute significantly to the intellectual and social development of the student body, serve the university academic goals, encourage student

participation and leadership, and enhance the general campus environment.[4]

26. Defendant's mandatory sports center fee provides registered students with "use [of] the entire sports center complex facilities, including the fitness center."[5]

27. Defendant's mandatory technology fee is intended to provide students with a number of physical, on-campus technological services such as "expanded computer lab…wireless connectivity…and faster internet connectivity."[6]

28. Defendant's Metro U-Pass fee is a mandatory fee charged to full time students enrolled in an on-campus program, which provides such students unlimited access to the Metrorail and Metrobus transportation network.[7]

29. As a result of being asked to leave campus and return home to New Jersey, Plaintiff no longer has the benefit of the services for which these fees have been paid. For example, Plaintiff cannot participate in on-campus student activities; has no access to the sports complex facilities or fitness center; has no access to campus computer labs or internet services; and has no need or ability to utilize the U-Pass transportation system.

## JURISDICTION AND VENUE

30. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

31. This Court has personal jurisdiction over Defendant because Defendant is domiciled in the District of Columbia and conducts business in the District of Columbia.

---

[4] https://www.american.edu/finance/studentaccounts/tuition-and-fees-information.cfm
[5] Id.
[6] Id.
[7] Id.

32. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is an institution domiciled and doing business in this District.

## FACTUAL ALLEGATIONS

33. Upon information and belief, Defendant's Spring term began with the first day of classes on or about January 8, 2020.[8]

34. Upon information and belief, Defendant's Spring term was scheduled to conclude with the last day of examinations on or about May 5, 2020 and commencement ceremonies on May 8-10, 2020.[9]

35. Accordingly, Defendant's Spring semester was scheduled and contracted to consist of approximately 118 days.

36. Defendant's Spring break began on or about March 8, 2020 and was supposed to end on or about March 15, 2020, with students resuming in person classes on March 16, 2020.[10]

37. However, as a result of the COVID-19 pandemic, Defendant announced major changes to this schedule in an announcement from the University's President on March 10, 2020. The University announced that Spring break would be extended for 2 days through March 16 and 17, and that classes would resume on March 18, 2020 in a fully online format.[11]

38. Originally, classes were only scheduled to move online through April 3, 2020,[12] but on March 12, 2020, the University announced that the transition to online instruction would

---

[8] https://www.american.edu/provost/registrar/academiccalendar/academic-calendar-2019-2020.cfm
[9] Id.
[10] Id.
[11] https://www.american.edu/president/announcements/march-10-2020.cfm
[12] Id.

6

remain through the end of the Spring semester.[13]

39. In this same announcement, students were "strongly encouraged" to "depart campus as soon as possible" and all University sponsored events (both on and off campus) were suspended.[14]

40. In a separate announcement of the same day (March 12, 2020), the University Provost further encouraged students (both those living on and off campus) to return to their permanent homes, stating "there will not be campus activities."[15]

41. Accordingly, Plaintiff and Members of the proposed Classes were deprived of approximately 42% of the in-person instruction, activities, and on-campus services for which they had bargained and already paid.

42. Nonetheless, the University has refused and continues to refuse to offer any pro-rated discount or refund on Spring tuition.

43. Although Defendant is still offering some level of academic instruction via online classes, Plaintiffs and members of the proposed Class have been and will be deprived of the benefits of on campus learning as set forth more fully above.

44. Moreover, the value of any degree issued on the basis of online or pass/fail classes will be diminished for the rest of their lives.

45. The University Provost acknowledged to students that off-campus, online instruction was not an adequate substitute for the on-campus experience:[16]

---

[13] https://www.american.edu/president/announcements/march-12-2020.cfm
[14] Id.
[15] https://www.american.edu/ocl/3-12-covid.cfm
[16] https://www.american.edu/ocl/3-12-covid.cfm

> First, though, let me acknowledge what this transition means to all of us. I'm heartbroken that you will not be able to be on campus to finish the year (and, for many, your AU careers) in the cherished company of your friends and classmates. All of you have had so much going on and planned this semester that would have made being together in person so important and special – events, internships, activities, shared projects, personal plans.

46. Likewise, the University has acknowledged that the monetary value of online classes is not commensurate with in-person classes.

47. Although Defendant has refused and continues to refuse to reduce tuition for Spring semester students, the University has announced that students expecting to take Summer classes in person (who will now be forced to take them online) will be given a 10% discount on tuition:[17]

> **Stay Home, Learn Together This Summer.**
> **New Payment Plan Available**
> To safeguard the well-being of our community, our 2020 summer programs will be conducted online. We're introducing a new payment plan, offering a 10 percent discount, and expanding our course catalog to help you make the most of your summer.

48. Upon information and belief, the only difference between Defendant's decision to discount online classes for the Summer and not discount online classes for the Spring is that Defendant has already collected tuition for the Spring Semester and the Spring Semester students have no recourse, whereas Defendant has not yet collected tuition for the Summer term and Defendant knows many students will not agree to pay full price tuition for online classes during that upcoming term.

49. Likewise, Plaintiff and members of the proposed Fees Class have been and will be

---

[17] https://www.american.edu/

8

deprived of utilizing services for which they have already paid, such as access to campus facilities, and other opportunities as described above.

50. Nonetheless, Defendant has refused and continues to refuse to pro-rate or refund any portion of the mandatory fees set forth in Paragraph 24:[18]

> **Which fees are not eligible for prorated refunds?**
> **ENROLLMENT/REGISTRATION CHARGES:**
> Students will not receive any refunds for the enrollment/registration fees listed below.
>
> These charges remain nonrefundable, as AU continues to offer courses via virtual course delivery until the end of the spring 2020 term.
>
> - Tuition
> - Health Insurance Fee
> - Metro UPass Fee
> - Technology Fee
> - Activity Fee
> - Sports Center Fee
> - Course Fees

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes:

> **The Tuition Class:**
>
> All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.
>
> **The Fees Class:**

---

[18] https://www.american.edu/coronavirus/faq-finances-and-student-services.cfm#proratedfees

> All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.

52. Excluded from the Classes are The Board of Regents of Trustees of American University and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case. Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

53. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

54. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

### Numerosity: Fed. R. Civ. P. 23(a)(1)

55. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

### Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)

56. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

ix. Whether Defendant engaged in the conduct alleged herein;

x. Whether there is a difference in value between online distance learning and live in-person instruction;

xi. Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

xii. Whether Defendant was unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

xiii. Whether Defendant breached its contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

xiv. Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

xv. Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

xvi. Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

xvii. The amount and nature of relief to be awarded to Plaintiff and the other Class members.

**Typicality: Fed. R. Civ. P. 23(a)(3)**

57. Plaintiff's claim is typical of the other Class member's claims because, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.

### Adequacy: Fed. R. Civ. P. 23(a)(4)

58. Plaintiff is an adequate Class representative because his interests do not conflict with the interests of other members of the Class he seeks to represent.  Plaintiff has retained counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority: Fed. R. Civ. P. 23(b)(3)

59. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

60. Even if Class members could afford individual litigation, the Court system likely could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

### Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)

61. To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

### Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)

62. The University has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

### FOR A FIRST COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Tuition Class)

63. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

64. Plaintiff brings this count on behalf of himself and other members of the Tuition Class.

65. Plaintiff and the Tuition Class entered into contracts with the University which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students and, in exchange, the University would provide live in-person instruction in a physical classroom.

66. Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

67. The University breached the contract with Plaintiff and the Tuition Class by moving all classes for the Spring 2020 semester to online distance learning platforms, without reducing or refunding tuition accordingly.

68. The University retained tuition monies paid by Plaintiff and other members of the Tuition

   Class, without providing them the full benefit of their bargain.

69. Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

70. As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

### FOR A SECOND COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Tuition Class)

71. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

72. Plaintiff brings this count on behalf of himself and other members of the Tuition Class.

73. The University has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

74. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

75. Plaintiff and other members of the Tuition Class conferred this benefit on Defendant when they paid the tuition.

76. Defendant has realized this benefit by accepting such payment.

77. Defendant has retained this benefit, even though Defendant has failed to provide the

services for which the tuition was collected, making Defendant's retention unjust under the circumstances.

78. Equity and good conscience requires that the University return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

79. Defendant should be required to disgorge this unjust enrichment.

## FOR A THIRD COLLECTIVE CAUSE OF ACTION
## BREACH OF CONTRACT
### (Plaintiff and Other Members of the Fees Class)

80. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

81. Plaintiff brings this count on behalf of himself and other members of the Fees Class.

82. Plaintiff and the Fees Class entered into contracts with the University which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the University would provide services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

83. Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

84. The University breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities.

85. The University retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

86. Plaintiff and other members of the Fees Class have suffered damage as a direct and

proximate result of Defendant's breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

87. As a direct and proximate result of Defendant's breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which services were not provided.

### FOR A FOURTH COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Fees Class)

88. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

89. Plaintiff brings this count on behalf of himself and other members of the Fees Class.

90. The University has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

91. Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

92. Plaintiff and other members of the Fees Class conferred this benefit on Defendant when they paid the fees.

93. Defendant has realized this benefit by accepting such payment.

94. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the fees were collected, making Defendant's retention unjust under the circumstances.

95. Equity and good conscience requires that the University return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the Fees Class.

96. Defendant should be required to disgorge this unjust enrichment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of members of the Class(es), pray for judgment in their favor and against Defendant as follows:

a. Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b. Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

c. Declaring that Defendant has wrongfully kept monies paid for tuition and fees;

d. Requiring that Defendant disgorge amounts wrongfully obtained for tuition and fees;

e. Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition and fees;

f. Scheduling a trial by jury in this action;

g. Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

h. Awarding pre and post judgment interest on any amounts awarded, as permitted by law; and

i. Awarding such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

[signature on following page]

This 1st day of May, 2020

                          **Douglas & Boykin, PLLC**

                          BY:   /s/ Curtis A. Boykin
                          1850 M Street, NW, Suite 640
                          Washington, District of Columbia 20036
                          (202) 776-0370
                          caboykin@douglasboykin.com

                                  -and-

                          **ANASTOPOULO LAW FIRM, LLC**

                          Eric M. Poulin (*pro hac vice admission pending*)
                          Roy T. Willey, IV (*pro hac vice admission pending*)
                          32 Ann Street
                          Charleston, SC 29403
                          (843) 614-8888
                          eric@akimlawfirm.com
                          roy@akimlawfirm.com

                          **ATTORNEYS FOR PLAINTIFF(S)**