**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| MAAZ QURESHI, individually and on behalf of others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | Civ. Action No. 1:20-cv-01141-CRC |
| v. | ) | |
| | ) | |
| AMERICAN UNIVERSITY, | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO CONSOLIDATE**

Qureshi's opposition to American University's motion to consolidate the three identical

matters now pending against it in this District—*Qureshi v. American University*, No. 1:20-cv-

01141-CRC (D.D.C.) (filed May 1, 2020), *Arif v. American University*, No. 1:20-cv-01555-JDB

(filed May 4, 2020),[1] and *Rabinowitz v. American University*, No. 1:20-cv-01454-RC (D.D.C.)

(filed June 2, 2020)—only underscores that the requirements for consolidation are met here.  As

laid out in American's motion, "the Court has discretion to consolidate civil actions when the

cases share common issues of law or fact, consolidation would serve the interests of judicial

economy, and the parties would not be prejudiced by consolidation." *Judicial Watch, Inc. v. U.S.*

*Dep't of Energy*, 207 F.R.D. 8, 8 (D.D.C. 2002).  Qureshi concedes that the three cases share

common issues of law or fact; indeed, he rightly observes that "[t]he issues and claims at stake

are essentially identical" between the three matters.  Dkt. 20 at 11.  And Qureshi does not dispute

that consolidation serves the interest of judicial economy, nor that consolidation would not

---

[1]      *Arif* was originally filed in the Southern District of Florida before being transferred to this
District.  *See Arif v. American Univ.*, No. 20-cv-60902-RAR, Dkt. 10 (S.D. Fla. June 11, 2020).

1

prejudice any party.  *See* Dkt. 14-1 at 3-5 (American's brief identifying how consolidation serves judicial economy and does not prejudice any party).

Qureshi's only argument against consolidation is to argue instead for what he deems "the preferential rule in class litigation" mandating that, when multiple class actions are substantially identical, all but the first to be filed should be dismissed.  Dkt. 20 at 7.  While Qureshi contends that "[c]onsolidation is inappropriate … where the first-to-file rule dictates that the later-filed cases be dismissed instead," *id.* at 8, he offers no support for this argument; rather, he cites only cases laying out the standard for the first-to-file rule that do not discuss consolidation at all (let alone the relative merits of consolidation versus dismissal).  Courts in this District have spelled out quite the opposite rule, stating that "'precedent … favors the first-to-file rule' only 'in the absence of circumstances making it "unjust or inefficient" to permit a first-filed action to proceed to judgment.'"  *Intervet, Inc. v. Merial Ltd.*, 655 F. Supp. 2d 131, 134 (D.D.C. 2009) (quoting *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005)).  Thus, rather than saying (as Qureshi does) that the first-to-file rule is the default option for courts facing duplicative actions, the case law indicates that "[c]ourts are to favor the 'conservation of judicial resources and the comprehensive disposition of litigation' over mechanical application of the first-to-file rule.  Equitable considerations may include … 'the possibility of consolidation with related litigation.'"  *Id.* (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993)) (internal citations omitted); *see also Columbia Plaza Corp. v. Security Nat'l Bank*, 525 F.2d 620, 628 (D.C. Cir. 1975) ("The problem of whether to enjoin another action involving the same parties and issues … cannot be solved by blind application of a mechanical 'rule of thumb.' Rather, its solution requires a balancing not of empty priorities but of equitable considerations genuinely relevant to the ends of justice.").  This makes conceptual sense as well:  If the first-to-

file rule mandated dismissal of all duplicative cases, it would be nonsensical for the Federal Rules to provide that the Court may "join for hearing or trial any *or all* matters at issue in the actions." Fed. R. Civ. P. 42(a).

The relief American seeks is thus well-supported—and it is unexceptional. Plaintiffs and defendants in similar litigation concerning universities' responses to the COVID-19 pandemic (including plaintiffs represented by counsel for Qureshi here, and including parties contesting other litigation in this district) have consented to consolidation of numerous related matters. *See In re Columbia Univ. Tuition Refund Action*, No. 1:20-cv-03208-JMF, Dkt. 13 (S.D.N.Y. May 5, 2020) (order granting stipulation to consolidation of matters agreed to by defendant and plaintiffs in two actions); *Miller v. Bd. of Trustees of the Calif. State Univ.*, No. 2:20-cv-03833 SVW, Dkt. 26 (C.D. Cal. May 19, 2020) (joint motion to consolidate filed by plaintiffs in two cases against California State University); *Brandmeyer v. Regents of the Univ. of Calif.*, No. 3:20-cv-02886-SK, Dkt. 15 (N.D. Cal. May 14, 2020) (joint motion to consolidate three cases against the University of California filed by plaintiffs in two of those cases); *Shaffer v. George Washington Univ.*, No. 1:20-cv-01145-RJL, Dkt. 16 (D.D.C. June 26, 2020) (joint motion to consolidate cases against the George Washington University). This Court should do the same and order that *Qureshi*, *Arif*, and *Rabinowitz* be consolidated, appoint interim lead putative class counsel, and order Plaintiffs to file a consolidated complaint.

Dated: July 2, 2020                     Respectfully submitted,

                                        */s/ Alan E. Schoenfeld*
                                        Alan E. Schoenfeld (admitted *pro hac vice*)
                                        WILMER CUTLER PICKERING
                                        HALE AND DORR LLP
                                        7 World Trade Center
                                        250 Greenwich Street

New York, NY 10007
(212) 937-7294
alan.schoenfeld@wilmerhale.com

Danielle Y. Conley (#503348)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
 (202) 663-6006
danielle.conley@wilmerhale.com

*Attorneys for Defendant American University*

4