UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MAAZ QURESHI, MATTHEW RABINOWITZ, and DANISH ARIF, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. Action No. 1:20-cv-01141-CRC  Civ. Action No. 1:20-cv-01454-CRC  Civ. Action No. 1:20-cv-01555-CRC |
| Plaintiffs, |  |  |
| v. |  |  |
| AMERICAN UNIVERSITY, |  |  |
| Defendant. |  |  |

**DEFENDANT'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant American University provides this submission to notify the Court of a decision in *Hassan v. Fordham University*, No. 1:20-cv-03265, Dkt. 34 (S.D.N.Y. Jan. 28, 2021) (attached as Exhibit A) that bears on the issues in American's pending motion to dismiss.

First, *Hassan* addressed the educational malpractice doctrine, which American has argued bars Plaintiffs' claims here, MTD 16-20; MTD Reply 12-16. While the *Hassan* court did not hold that the educational malpractice doctrine barred the plaintiff's claims in their entirety at the outset of the case, it expressed "very serious concerns" about damages, holding that "[t]o the extent that adjudicating [p]laintiff's claims entails evaluation of whether a course conducted remotely was less valuable than one conducted in person—and if so, by how much—the [c]ourt should decline to 'enter the classroom and determine whether or not the judgments and conduct of professional educators were deficient.'" Ex. A at 6 (quoting *Paladino v. Adelphi Univ.*, 89 A.D.2d 85, 92 (N.Y. App. Div. 1982)). American has raised exactly that argument in support of its motion to dismiss. *See, e.g.*, MTD Reply 13-14 & n.11.

1

*Hassan* also rejected the plaintiff's contract claim on the merits.  The court there held that "Fordham's alleged statements do not rise to the level of a specific promise to provide in-person educational services," Ex. A at 12, as there were no indications that "informational guidance" was not subject to change or that Fordham "'relinquished its authority' to alter the modality of its course instruction," *id.* at 10-11.  American has made similar arguments concerning the lack of any concrete promise to provide in-person instruction, MTD 8-12; MTD Reply 2-5, and concerning its reservation of the right to change its curriculum, MTD 15-16, MTD Reply 10-12.  The *Hassan* court also rejected the plaintiff's argument that an obligation to provide in-person instruction arose from Fordham's prior course of conduct, Ex. A at 12-13, just as American has urged this Court to do, MTD 11-12; MTD Reply 6.

Finally, *Hassan* dismissed the plaintiff's other claims as well.  Ex. A at 18-23.  The unjust enrichment claim failed because, in the court's view, the plaintiff "has not sufficiently pleaded that 'equity and good conscience require restitution,'" Ex. A at 20, just as American has argued, MTD 21-23; MTD Reply 17-18.  The conversion claim, in turn, failed because the *Hassan* plaintiff "cannot identify a … 'specific, identifiable fund' and 'cannot realistically argue that once that money was paid to defendant it remained intact, as opposed to pooling in with defendant's other funding.'"  Ex. A at 21.  Again, American has argued that Plaintiffs' conversion claim here fails for the same reason.  MTD 23-24; MTD Reply 18-19.

Dated: February 16, 2021                    Respectfully submitted,

                                                         */s/ Alan E. Schoenfeld*
                                                         Alan E. Schoenfeld (admitted *pro hac vice*)
                                                         WILMER CUTLER PICKERING
                                                         HALE AND DORR LLP

7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7294
alan.schoenfeld@wilmerhale.com

Bruce M. Berman (#333948)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6173
bruce.berman@wilmerhale.com

*Attorneys for Defendant American University*