# **EXHIBIT F**

*Garland v. Western Michigan Univ., et al.*, No. 20-000063-MK (Mich. Ct. Cl. Jan. 6, 2021)

# STATE OF MICHIGAN

# COURT OF CLAIMS

KAI GARLAND, and all others similarly situated,

        Plaintiff,

v

WESTERN MICHIGAN UNIVERSITY, and THE
BOARD OF TRUSTEES OF WESTERN
MICHIGAN UNIVERSITY,

        Defendants.

_____/

**OPINION AND ORDER**

Case No.  20-000063-MK

Hon. Cynthia Diane Stephens

Pending before the Court in this putative class action is defendants' October 6, 2020 motion for summary disposition filed pursuant to MCR 2.116(C)(10).  Also pending before the Court is defendants' June 22, 2020 motion for protective order to stay discovery until after the Court rules on the pending dispositive motion.  For the reasons that follow, both motions are DENIED.

## I. BACKGROUND

Plaintiff Kai Garland is a student at defendant Western Michigan University (WMU).  Garland registered for five courses during the Spring 2020 semester.  Two of the courses were, according to a "Concise Student Schedule" provided for Garland, listed as "Online Education."  The schedule for the remaining three courses indicated that plaintiff would receive in-person instruction on WMU's main campus.  Plaintiff's complaint seeks a refund of pre-paid: (1) tuition; (2) room and board; and (3) fees for the Spring 2020 semester, following WMU's move to online, distance learning in light of the COVID-19 pandemic.  Plaintiff's complaint alleges three breach

-1-

of contract claims arising out of the categories noted above, as well was three claims for unjust enrichment arising out of the same categories. Defendant has moved for summary disposition in its favor under MCR 2.116(C)(10) on all but Count II of the complaint, which is plaintiff's claim for breach of contract with respect to room and board.

According to defendant, plaintiff's claims fail under the express terms of an agreement between the parties.[1] Defendants have attached to their brief in support of summary disposition a document entitled "Financial Responsibility Terms and Conditions," which all students must acknowledge and agree to before they register for classes at WMU. The first paragraph of the document states that a registering student accepts "full responsibility for all charges incurred at Western Michigan University, including but not limited to tuition, fees, housing, meals, books, health charges and other associated costs as a result of my registration and/or receipt of services." Further, students agree that their registration and acceptance of those terms "constitutes a promissory note agreement" and the student promises "to pay for all assessed tuition, fees and other associated costs by the published or assigned due date."

The agreement incorporates by reference terms from several other documents. For instance, on page 5, the agreement incorporates by reference WMU "withdrawal instructions" for withdrawing from a course. With respect to refunds, the agreement incorporates what it refers to as the "WMU refund policy." Additionally, the document expressly incorporates the terms and conditions set forth in WMU's "Academic Calendar." The Academic Calendar, which is attached

---

[1] In a September 15, 2020 opinion and order, the Court denied defendants' previous motion for summary disposition, which alleged that plaintiff failed to adequately plead her contract claims.

to defendants' briefing, contains a section entitled "Refunds"[2] and it lists various dates for each semester for students to receive refunds in the event of a student's withdrawal from a course.  The refund amounts are prorated, with a full refund provided by an early date in the semester, followed by smaller percentages offered if students withdraw later in the semester.

Finally, the document ends with a merger clause stating that the agreement represents the "Entire Agreement" between WMU and students.  This paragraph expressly states that the agreement:

> supersedes all prior understandings, representations, negotiations, and correspondence between the student and Western Michigan University, constitutes the entire agreement between the parties with respect to the matters described, and shall not be modified or affected by any course of dealing or course of performance. This agreement may be modified by Western Michigan University if the modification is signed by [the student].

## II. ANALYSIS[3]

Defendants filed their motion for summary disposition pursuant to MCR 2.116(C)(10). "Summary disposition pursuant to MCR 2.116(C)(10) is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012).  A party making a

---

[2] As will be discussed, it is not apparent that this "Refunds" section is the "WMU refund policy" reference elsewhere in the Financial Responsibility Agreement, nor have defendants argued that this is the case.

[3] The parties have presented the Court with various decisions issued in response to similar claims by plaintiffs against public universities.  The Court resists the parties' calls to rely on those prior decisions, and instead focuses on the documentary evidence presented in this case, as it must do in deciding whether the parties' contract gives rise to the alleged causes of action.

motion under subrule (C)(10) bears the burden to show that no genuine issue of material fact exists, and it may support its position with affidavits or other documentary evidence. *Id.*

The first set of issues in this case involves plaintiff's contract claims related to tuition and fees.[4]  A breach of contract claim requires, as an initial matter, that the plaintiff demonstrate the existence of a valid contract.  "The essential elements of a contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement, and mutuality of obligation."  *McCoig*, 295 Mich App at 694 (citation and quotation marks omitted).  "If the language of the contract is clear and unambiguous, it must be enforced as written. . . .  A contract is unambiguous, even if inartfully worded or clumsily arranged, when it fairly admits of but one interpretation."  *Id.* (internal citation omitted).

Defendants have presented evidence—the Financial Responsibility Agreement—that they contend represents the entire agreement between the parties and which they believe forecloses plaintiff's contract claims.  Plaintiff disagrees that the agreement encompasses the full parameters of the contractual relationship between WMU and its students.  The Court agrees with plaintiff in that it is not apparent the Financial Responsibility Agreement governs the entirety of the parties' contractual relationship.  Of significance to the Court is the section of the Financial Responsibility Agreement that expressly refers to the "WMU refund policy" and notes that the policy "will be followed."  It appears the policy was incorporated by reference into the Financial Responsibility Agreement.  See *Peabody v DiMeglio*, 306 Mich App 397, 407; 856 NW2d 245 (2014) (discussing incorporation by reference into contractual agreements).  And such a policy is significant here

---

[4] Again, defendants have not moved for summary disposition on Count II of the complaint.

because plaintiff has requested refunds for tuition and fees which she claims she paid for, but did not receive in full as promised. The problem insofar as defendants' motion for summary disposition is concerned is that this "WMU refund policy" has not been provided to the Court. To this end, it is not apparent that the "Academic Calendar" defendants attached to their briefing is the "WMU refund policy," nor have defendants presented an argument that the calendar represents the refund policy. For this reason alone, the Court concludes defendants failed to meet their burden under MCR 2.116(C)(10).

Moreover, the Court agrees with plaintiff that, notwithstanding the merger clause in the agreement, parol evidence is required due to the fact that the Financial Responsibility Agreement is incomplete on its face. See *UAW-GM Human Resources Ctr v KSL Recreation Group*, 228 Mich App 486, 495, 502; 579 NW2d 411 (1998). Notably, the Financial Responsibility Agreement refers to "services" and "fees," but missing from the agreement is what the "services" or "fees" cover. That is, while it is apparent that students are liable for payment under the Financial Responsibility Agreement, it is not apparent from the face of the document that for which students are liable to pay. The subject-matter of the agreement is missing. The types of services for which the students are contracting, as well as the mode, manner, and frequency of instruction, or even the credit conferred upon completion of classes or the conditions upon conferring credits, are completely missing from the agreement. Also missing from the agreement are critical terms such as how much WMU charged students per credit hour or per semester. A contract that charges students for services, but without specifying how much is charged or what the services even are, appears to be incomplete on its face. As a result, the Court agrees with plaintiff that parol evidence appears to be necessary "for the filling of gaps" in the parties' agreement, notwithstanding that the agreement purports to be integrated. See *UAW-GM Human resource Ctr*, 228 Mich App at 495,

502.  Summary disposition on the breach-of-contract claims will be denied as a result.  And because of the apparent need for parol evidence and additional discovery, the Court will deny defendants' motion for protective order as well.

Additionally, because it is unclear whether or if a written agreement pertains to the matters pled in the complaint, the Court will deny the request for summary disposition on the unjust enrichment claims as well.  Indeed, the only reason defendants advance in support of their request for summary disposition on the unjust enrichment claim is that the Financial Responsibility Agreement applies and forecloses recovery in unjust enrichment.  See *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 478; 666 NW2d 271 (2003) (providing that courts will not imply a contract in the face of an express contract covering the same subject matter).  However, where the evidence presented in support of defendants' motion leaves doubts as to whether such agreements exist, summary disposition will not issue in defendants' favor with respect to the unjust enrichment claims.  See MCR 2.111(A)(2) (recognizing a party's right to assert inconsistent, alternative claims).

### III. CONCLUSION

IT IS HEREBY ORDERED that defendants' motion for summary disposition is DENIED.

IT IS HEREBY FURTHER ORDERED that defendants' motion for protective order, which asked the Court to stay discovery until after a decision was rendered on the pending motion, is DENIED.

This is not a final order and it does not resolve the last pending claim or close the case.

January 6, 2021

_____
Cynthia Diane Stephens
Judge, Court of Claims