# **EXHIBIT F**

*Verdini v. District Bd. of Trustees of Miami-Dade College,* Case No.:2020-17924-CA-44, Opinion and Order (Fla. 11th Cir. Ct. Feb. 1, 2021)

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO. 2020-17924-CA-44

FERNANDO VERDINI, an individual on
behalf of others similarly situated

Judge William Thomas

    Plaintiff,

v.

DISTRICT BOARD OF TRUSTEES OF
MIAMI-DADE COLLEGE

    Defendant.
_____/

**ORDER ON DEFENDANT, DISTRICT BOARD OF TRUSTEES OF MIAMI-DADE COLLEGE'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**THIS CAUSE** came before the Court on Defendant, District Board of Trustees of Miami-Dade College's ("MDC"), motion to dismiss Plaintiff's complaint.  The Court having reviewed the motion, heard argument of counsel, and otherwise being fully advised in the premises, the Court makes the following findings:

A motion to dismiss tests only the legal sufficiency of a complaint and is not intended to determine issues of ultimate fact. "[T]he trial court is necessarily confined to the well-pled facts alleged in the four corners of the complaint." *Lewis v. Barnett Bank of S. Florida, N.A*. 604 So. 2d 937 (Fla. 3d DCA 1992). The primary purpose of a motion to dismiss is to request the trial court to determine whether the complaint properly states a cause of action upon which relief can be granted and, if it does not, to enter an order of dismissal. *Provence v. Palm Beach Taverns, Inc*., 676 So. 2d 1022 (Fla. 4th DCA 1996). The court must draw all reasonable inferences in favor of

the nonmoving party. *Id.* Thus, the question for this court to decide is whether, assuming the well-pleaded factual allegations in the Complaint are true, Plaintiffs would be entitled to the relief requested.

Plaintiff alleges that MDC breached an express, written agreement with him concerning fees that he was required to pay in exchange for registering for courses at MDC. Plaintiff attaches invoices providing the fees he was charged for the Summer 2020 semester—invoices which list the specific purpose of each and every fee—and an invoice demonstrating he was charged similar fees in the Spring 2020 semester. The Plaintiff alleges that these documents constitute an express, written agreement between Plaintiff and MDC to provide specific services authorized by the Florida statutes in exchange for the payment of fees. MDC argues that Plaintiff does not identify the on-campus services or the express written terms that MDC breached by not providing those services. It is the finding of the Court that Plaintiff's invoices, as attached to the complaint, sufficiently contain the express written terms and provide the specific services MDC was contractually obligated to provide in exchange for Plaintiff's payment of "fees" to survive a motion to dismiss. *See Waite Development, Inc. v. City of Milton*, 866 So. 3d 153, 155 (Fla. 1st DCA 2004) (reversing order dismissing claim against City based on sovereign immunity defense finding that "[s]everal writings may constitute a valid and binding written contract when they evidence a complete meeting of the minds of the parties and an agreement upon the terms and conditions of the contract.")

MDC argues sovereign immunity bars Plaintiff's claims. "Sovereign immunity is the 'privilege of the sovereign not to be sued without its consent.'" *City of Fort Lauderdale v. Israel*, 178 So. 3d 444, 446 (Fla. 4th DCA 2015) (citation omitted). "Sovereign immunity is a doctrine designed to protect the public treasury from what would otherwise be countless claims filed by the

vast number of citizens affected by actions of a government." *S. Roadbuilders, Inc. v. Lee Cty.*, 495 So. 2d 189, 190 n.1 (Fla. 2d DCA 1986). "[A] [sovereign] waives the protections of sovereign immunity only when it enters into an express contract." *Israel*, 178 So. 3d at 447. Immunity remains, however, where the claims do not arise from breaches of expressed, written contracts. *See S. Roadbuilders, Inc. v. Lee Cnty.*, 495 So. 2d at 190- 91. In addition, under Florida law, where there is an express written contract, "the defense of sovereign immunity does not protect the state agency from an action arising out of a breach of either an express or implied covenant or condition of that contract." *Champagne-Webber, Inv. v. City of Fort Lauderdale*, 519 So. 2d 696, 698 (Fla. 4th DCA 1988).Therefore, it is

**ORDERED AND ADJUDGED** that Plaintiff has sufficiently stated a cause of action for breach of an express contract.  Therefore, at the motion to dismiss stage, sovereign immunity is no bar to Plaintiff's well pled breach of contract claim and MDC's motion to dismiss is **DENIED**. However, as to the Plaintiff's unjust enrichment claim, the motion to dismiss is **GRANTED** with prejudice as Florida law does not permit a waiver of sovereign immunity based on implied contracts.  MDC has 20 days from the date of this order to file an answer.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 02/01/21.

_____
WILLIAM THOMAS
CIRCUIT COURT JUDGE

**No Further Judicial Action Required on THIS MOTION**
**CLERK TO RECLOSE CASE IF POST JUDGMENT**

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.  The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or

hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO. 2020-17924-CA-44

FERNANDO VERDINI, an individual on
behalf of others similarly situated

Judge William Thomas

    Plaintiff,

v.

DISTRICT BOARD OF TRUSTEES OF
MIAMI-DADE COLLEGE

    Defendant.
_____/

**ORDER ON DEFENDANT, DISTRICT BOARD OF TRUSTEES OF MIAMI-DADE COLLEGE'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**THIS CAUSE** came before the Court on Defendant, District Board of Trustees of Miami-Dade College's ("MDC"), motion to dismiss Plaintiff's complaint.  The Court having reviewed the motion, heard argument of counsel, and otherwise being fully advised in the premises, the Court makes the following findings:

A motion to dismiss tests only the legal sufficiency of a complaint and is not intended to determine issues of ultimate fact. "[T]he trial court is necessarily confined to the well-pled facts alleged in the four corners of the complaint." *Lewis v. Barnett Bank of S. Florida, N.A*. 604 So. 2d 937 (Fla. 3d DCA 1992). The primary purpose of a motion to dismiss is to request the trial court to determine whether the complaint properly states a cause of action upon which relief can be granted and, if it does not, to enter an order of dismissal. *Provence v. Palm Beach Taverns, Inc*., 676 So. 2d 1022 (Fla. 4th DCA 1996). The court must draw all reasonable inferences in favor of

the nonmoving party. *Id.* Thus, the question for this court to decide is whether, assuming the well-pleaded factual allegations in the Complaint are true, Plaintiffs would be entitled to the relief requested.

Plaintiff alleges that MDC breached an express, written agreement with him concerning fees that he was required to pay in exchange for registering for courses at MDC. Plaintiff attaches invoices providing the fees he was charged for the Summer 2020 semester—invoices which list the specific purpose of each and every fee—and an invoice demonstrating he was charged similar fees in the Spring 2020 semester. The Plaintiff alleges that these documents constitute an express, written agreement between Plaintiff and MDC to provide specific services authorized by the Florida statutes in exchange for the payment of fees. MDC argues that Plaintiff does not identify the on-campus services or the express written terms that MDC breached by not providing those services. It is the finding of the Court that Plaintiff's invoices, as attached to the complaint, sufficiently contain the express written terms and provide the specific services MDC was contractually obligated to provide in exchange for Plaintiff's payment of "fees" to survive a motion to dismiss. *See Waite Development, Inc. v. City of Milton*, 866 So. 3d 153, 155 (Fla. 1st DCA 2004) (reversing order dismissing claim against City based on sovereign immunity defense finding that "[s]everal writings may constitute a valid and binding written contract when they evidence a complete meeting of the minds of the parties and an agreement upon the terms and conditions of the contract.")

MDC argues sovereign immunity bars Plaintiff's claims. "Sovereign immunity is the 'privilege of the sovereign not to be sued without its consent.'" *City of Fort Lauderdale v. Israel*, 178 So. 3d 444, 446 (Fla. 4th DCA 2015) (citation omitted). "Sovereign immunity is a doctrine designed to protect the public treasury from what would otherwise be countless claims filed by the

vast number of citizens affected by actions of a government." *S. Roadbuilders, Inc. v. Lee Cty.*, 495 So. 2d 189, 190 n.1 (Fla. 2d DCA 1986). "[A] [sovereign] waives the protections of sovereign immunity only when it enters into an express contract." *Israel*, 178 So. 3d at 447. Immunity remains, however, where the claims do not arise from breaches of expressed, written contracts. *See S. Roadbuilders, Inc. v. Lee Cnty.*, 495 So. 2d at 190- 91. In addition, under Florida law, where there is an express written contract, "the defense of sovereign immunity does not protect the state agency from an action arising out of a breach of either an express or implied covenant or condition of that contract." *Champagne-Webber, Inv. v. City of Fort Lauderdale*, 519 So. 2d 696, 698 (Fla. 4th DCA 1988).Therefore, it is

**ORDERED AND ADJUDGED** that Plaintiff has sufficiently stated a cause of action for breach of an express contract. Therefore, at the motion to dismiss stage, sovereign immunity is no bar to Plaintiff's well pled breach of contract claim and MDC's motion to dismiss is **DENIED**. However, as to the Plaintiff's unjust enrichment claim, the motion to dismiss is **GRANTED** with prejudice as Florida law does not permit a waiver of sovereign immunity based on implied contracts. MDC has 20 days from the date of this order to file an answer.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 02/01/21.

WILLIAM THOMAS
CIRCUIT COURT JUDGE

**No Further Judicial Action Required on THIS MOTION**
**CLERK TO RECLOSE CASE IF POST JUDGMENT**

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or

hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO. 2020-17924-CA-44

FERNANDO VERDINI, an individual on
behalf of others similarly situated

Judge William Thomas

Plaintiff,

v.

DISTRICT BOARD OF TRUSTEES OF
MIAMI-DADE COLLEGE

Defendant.
_____/

**ORDER ON DEFENDANT, DISTRICT BOARD OF TRUSTEES OF MIAMI-DADE COLLEGE'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**THIS CAUSE** came before the Court on Defendant, District Board of Trustees of Miami-Dade College's ("MDC"), motion to dismiss Plaintiff's complaint. The Court having reviewed the motion, heard argument of counsel, and otherwise being fully advised in the premises, the Court makes the following findings:

A motion to dismiss tests only the legal sufficiency of a complaint and is not intended to determine issues of ultimate fact. "[T]he trial court is necessarily confined to the well-pled facts alleged in the four corners of the complaint." *Lewis v. Barnett Bank of S. Florida, N.A*. 604 So. 2d 937 (Fla. 3d DCA 1992). The primary purpose of a motion to dismiss is to request the trial court to determine whether the complaint properly states a cause of action upon which relief can be granted and, if it does not, to enter an order of dismissal. *Provence v. Palm Beach Taverns, Inc*., 676 So. 2d 1022 (Fla. 4th DCA 1996). The court must draw all reasonable inferences in favor of

the nonmoving party. *Id.* Thus, the question for this court to decide is whether, assuming the well-pleaded factual allegations in the Complaint are true, Plaintiffs would be entitled to the relief requested.

Plaintiff alleges that MDC breached an express, written agreement with him concerning fees that he was required to pay in exchange for registering for courses at MDC. Plaintiff attaches invoices providing the fees he was charged for the Summer 2020 semester—invoices which list the specific purpose of each and every fee—and an invoice demonstrating he was charged similar fees in the Spring 2020 semester. The Plaintiff alleges that these documents constitute an express, written agreement between Plaintiff and MDC to provide specific services authorized by the Florida statutes in exchange for the payment of fees. MDC argues that Plaintiff does not identify the on-campus services or the express written terms that MDC breached by not providing those services. It is the finding of the Court that Plaintiff's invoices, as attached to the complaint, sufficiently contain the express written terms and provide the specific services MDC was contractually obligated to provide in exchange for Plaintiff's payment of "fees" to survive a motion to dismiss. *See Waite Development, Inc. v. City of Milton*, 866 So. 3d 153, 155 (Fla. 1st DCA 2004) (reversing order dismissing claim against City based on sovereign immunity defense finding that "[s]everal writings may constitute a valid and binding written contract when they evidence a complete meeting of the minds of the parties and an agreement upon the terms and conditions of the contract.")

MDC argues sovereign immunity bars Plaintiff's claims. "Sovereign immunity is the 'privilege of the sovereign not to be sued without its consent.'" *City of Fort Lauderdale v. Israel*, 178 So. 3d 444, 446 (Fla. 4th DCA 2015) (citation omitted). "Sovereign immunity is a doctrine designed to protect the public treasury from what would otherwise be countless claims filed by the

vast number of citizens affected by actions of a government." *S. Roadbuilders, Inc. v. Lee Cty.*, 495 So. 2d 189, 190 n.1 (Fla. 2d DCA 1986). "[A] [sovereign] waives the protections of sovereign immunity only when it enters into an express contract." *Israel*, 178 So. 3d at 447. Immunity remains, however, where the claims do not arise from breaches of expressed, written contracts. *See S. Roadbuilders, Inc. v. Lee Cnty.*, 495 So. 2d at 190- 91. In addition, under Florida law, where there is an express written contract, "the defense of sovereign immunity does not protect the state agency from an action arising out of a breach of either an express or implied covenant or condition of that contract." *Champagne-Webber, Inv. v. City of Fort Lauderdale*, 519 So. 2d 696, 698 (Fla. 4th DCA 1988).Therefore, it is

**ORDERED AND ADJUDGED** that Plaintiff has sufficiently stated a cause of action for breach of an express contract.  Therefore, at the motion to dismiss stage, sovereign immunity is no bar to Plaintiff's well pled breach of contract claim and MDC's motion to dismiss is **DENIED**. However, as to the Plaintiff's unjust enrichment claim, the motion to dismiss is **GRANTED** with prejudice as Florida law does not permit a waiver of sovereign immunity based on implied contracts.  MDC has 20 days from the date of this order to file an answer.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 02/01/21.

WILLIAM THOMAS
CIRCUIT COURT JUDGE

**No Further Judicial Action Required on THIS MOTION
CLERK TO RECLOSE CASE IF POST JUDGMENT**

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.  The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or

hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO. 2020-17924-CA-44

FERNANDO VERDINI, an individual on
behalf of others similarly situated

                                      Judge William Thomas

    Plaintiff,

v.

DISTRICT BOARD OF TRUSTEES OF
MIAMI-DADE COLLEGE

    Defendant.
_____/

### ORDER ON DEFENDANT, DISTRICT BOARD OF TRUSTEES OF MIAMI-DADE COLLEGE'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**THIS CAUSE** came before the Court on Defendant, District Board of Trustees of Miami-Dade College's ("MDC"), motion to dismiss Plaintiff's complaint. The Court having reviewed the motion, heard argument of counsel, and otherwise being fully advised in the premises, the Court makes the following findings:

A motion to dismiss tests only the legal sufficiency of a complaint and is not intended to determine issues of ultimate fact. "[T]he trial court is necessarily confined to the well-pled facts alleged in the four corners of the complaint." *Lewis v. Barnett Bank of S. Florida, N.A*. 604 So. 2d 937 (Fla. 3d DCA 1992). The primary purpose of a motion to dismiss is to request the trial court to determine whether the complaint properly states a cause of action upon which relief can be granted and, if it does not, to enter an order of dismissal. *Provence v. Palm Beach Taverns, Inc.*, 676 So. 2d 1022 (Fla. 4th DCA 1996). The court must draw all reasonable inferences in favor of

the nonmoving party. *Id.* Thus, the question for this court to decide is whether, assuming the well-pleaded factual allegations in the Complaint are true, Plaintiffs would be entitled to the relief requested.

Plaintiff alleges that MDC breached an express, written agreement with him concerning fees that he was required to pay in exchange for registering for courses at MDC. Plaintiff attaches invoices providing the fees he was charged for the Summer 2020 semester—invoices which list the specific purpose of each and every fee—and an invoice demonstrating he was charged similar fees in the Spring 2020 semester. The Plaintiff alleges that these documents constitute an express, written agreement between Plaintiff and MDC to provide specific services authorized by the Florida statutes in exchange for the payment of fees. MDC argues that Plaintiff does not identify the on-campus services or the express written terms that MDC breached by not providing those services. It is the finding of the Court that Plaintiff's invoices, as attached to the complaint, sufficiently contain the express written terms and provide the specific services MDC was contractually obligated to provide in exchange for Plaintiff's payment of "fees" to survive a motion to dismiss. *See Waite Development, Inc. v. City of Milton*, 866 So. 3d 153, 155 (Fla. 1st DCA 2004) (reversing order dismissing claim against City based on sovereign immunity defense finding that "[s]everal writings may constitute a valid and binding written contract when they evidence a complete meeting of the minds of the parties and an agreement upon the terms and conditions of the contract.")

MDC argues sovereign immunity bars Plaintiff's claims. "Sovereign immunity is the 'privilege of the sovereign not to be sued without its consent.'" *City of Fort Lauderdale v. Israel*, 178 So. 3d 444, 446 (Fla. 4th DCA 2015) (citation omitted). "Sovereign immunity is a doctrine designed to protect the public treasury from what would otherwise be countless claims filed by the

CASE NO. 2020-17924-CA-44

vast number of citizens affected by actions of a government." *S. Roadbuilders, Inc. v. Lee Cty.*, 495 So. 2d 189, 190 n.1 (Fla. 2d DCA 1986). "[A] [sovereign] waives the protections of sovereign immunity only when it enters into an express contract." *Israel*, 178 So. 3d at 447. Immunity remains, however, where the claims do not arise from breaches of expressed, written contracts. *See S. Roadbuilders, Inc. v. Lee Cnty.*, 495 So. 2d at 190- 91. In addition, under Florida law, where there is an express written contract, "the defense of sovereign immunity does not protect the state agency from an action arising out of a breach of either an express or implied covenant or condition of that contract." *Champagne-Webber, Inv. v. City of Fort Lauderdale*, 519 So. 2d 696, 698 (Fla. 4th DCA 1988).Therefore, it is

**ORDERED AND ADJUDGED** that Plaintiff has sufficiently stated a cause of action for breach of an express contract.  Therefore, at the motion to dismiss stage, sovereign immunity is no bar to Plaintiff's well pled breach of contract claim and MDC's motion to dismiss is **DENIED**. However, as to the Plaintiff's unjust enrichment claim, the motion to dismiss is **GRANTED** with prejudice as Florida law does not permit a waiver of sovereign immunity based on implied contracts.  MDC has 20 days from the date of this order to file an answer.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 02/01/21.

WILLIAM THOMAS
CIRCUIT COURT JUDGE

**No Further Judicial Action Required on THIS MOTION**
**CLERK TO RECLOSE CASE IF POST JUDGMENT**

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.  The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or

CASE NO. 2020-17924-CA-44

hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.