## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAAZ QURESHI, MATTHEW RABINOWITZ, and DANISH ARIF, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| AMERICAN UNIVERSITY, | ) ) |
| Defendant. | ) ) ) |

Civ. Action No. 1:20-cv-01141-CRC
Civ. Action No. 1:20-cv-01454-CRC
Civ. Action No. 1:20-cv-01555-CRC

## DEFENDANT'S FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant American University provides this submission to notify the Court of decisions in *Doe v. Brown University*, No. 20-cv-191, Dkt. 44 (D.R.I. Mar. 4, 2021) (attached as Exhibit A) and *In re Columbia Tuition Refund Action*, No. 20-cv-3208, Dkt. 62 (S.D.N.Y. Feb. 26, 2021) (attached as Exhibit B) that bear on the issues in American's pending motion to dismiss.

*Doe* granted motions to dismiss filed by four different Rhode Island universities based on tuition, holding that "no plausible reading of the university materials cited by [p]laintiffs gives rise to enforceable contractual promises." Ex. A at 10. Certain materials, such as marketing statements about the schools' campuses and student life and differences between the schools' in-person and online programs, were "vague and more akin to puffery, rather than enforceable promises." *Id.* at 11. American has argued the same. MTD 8-12; MTD Reply 2-5. To the extent the materials were specific, the court found that to be immaterial, because each of the defendant universities "explicitly reserved the right to unilaterally alter the administration of their academic offerings"—just as American has done. Ex. A at 12; MTD 15-16; MTD Reply

10-12.  *Doe* also rejected the plaintiffs' argument that custom gave rise to an obligation in light of "the unique nature of this moment," just as American has urged this Court to do.  Ex. A at 13; MTD 11-12; MTD Reply 6.  Separately, *Doe* dismissed the plaintiffs' unjust enrichment claim because of their contracts with the universities and because they received the academic credit they had been promised—again, just as American has argued.  Ex. A at 16-18; MTD 21-23; MTD Reply 16-18.  And *Doe* also dismissed conversion claims for the plaintiffs' failure to show a cognizable property interest, which American has argued bars Plaintiffs' claim here.  Ex. A at 18-19; MTD 23-25; MTD Reply 18-21.

*In re Columbia* similarly dismissed claims filed against Columbia University based on the method of instruction "because [the plaintiffs] fail to plead any specific promise by Columbia to provide exclusively in-person education."  Ex. B at 7.  Specifically, the court considered and rejected the plaintiffs' argument that such a promise arose from school custom, syllabi, departmental policies, handbooks, course registration portals, marketing materials, and the fact that Columbia offers some programs fully online.  *Id.* at 7-10.  Some of these materials "merely memorialize the pre-pandemic practice" without a "guarantee that it would continue indefinitely"; others were dismissed as "vague," as "puffery," or as not saying anything about instructional method at all.  *Id.* at 7-9.  American has argued the same about Plaintiffs' allegations here.  MTD 8-12; MTD Reply 2-5. By way of contrast, in the same order, the court sustained instructional method claims against Pace University because of an explicit statement in Pace's course registration portal that classes designated as being "on-campus" would be "taught with *only* traditional in-person, on-campus class meetings."  Ex. B at 10 (emphasis in opinion, but not in original source).  Plaintiffs' complaint here contains no such allegation of a statement from American indicating that courses would ever be taught exclusively in-person.  *See*

*generally* Compl.  Separately, the court dismissed claims against both schools for unjust

enrichment, conversion, and unfair trade practices based on grounds substantially similar to what

American has argued before this Court.  Ex. B at 19-22; MTD 21-28; MTD Reply 16-25.


Dated: March 4, 2021                         Respectfully submitted,


                                             */s/ Alan E. Schoenfeld*
                                             Alan E. Schoenfeld (admitted *pro hac vice*)
                                             WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
                                             7 World Trade Center
                                             250 Greenwich Street
                                             New York, NY 10007
                                             (212) 937-7294
                                             alan.schoenfeld@wilmerhale.com

                                             Bruce M. Berman (#333948)
                                             WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
                                             1875 Pennsylvania Avenue NW
                                             Washington, DC 20006
                                             (202) 663-6173
                                             bruce.berman@wilmerhale.com

                                             *Attorneys for Defendant American University*