UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAAZ QURESHI, MATTHEW RABINOWITZ, and DANISH ARIF, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>AMERICAN UNIVERSITY,<br><br>　　　　　　　Defendant. | Civ. Action No. 1:20-cv-01141-CRC<br>Civ. Action No. 1:20-cv-01454-CRC<br>Civ. Action No. 1:20-cv-01555-CRC |

**DEFENDANT'S SEVENTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant American University provides this submission to notify the Court of the decision in *Shaffer v. George Washington University*, 1:20-cv-01145-RJL, Dkt. 41 (D.D.C. March 24, 2021) (attached as Exhibit A), which bears on the issues in American's pending motion to dismiss.

*Shaffer* dismissed claims filed against George Washington University ("GW"), on the basis that the plaintiffs "have not alleged any facts showing that GW breached a contractual obligation." Ex. A at 4-5. The court held that the plaintiffs failed to identify any language indicating that GW intended to be bound to provide in-person instruction. *Id.* at 6. The same is true here—Plaintiffs' complaint contains no alleged statements from American expressly indicating that courses would be taught exclusively in-person. MTD 6-11; MTD Reply 2-6.

The court also considered and rejected the plaintiffs' reliance on "broad descriptions of GW's campus and common student experiences" on the basis that such descriptions "do not create enforceable obligations on the part of GW," Ex. A at 5, exactly what American has argued

1

to this Court, MTD 8-9; MTD Reply 3-4.

*Shaffer* likewise concluded that "the [highlighted] differences between GW's in-person and online degree programs . . . do not create enforceable obligations on the part of GW" to continuously provide in-person education.  Ex. A at 5.  The same conclusion should take hold here:  How American operates its traditionally online-only programs has no bearing on its contractual obligations regarding permissible modes of instruction in any of its other programs.  MTD 9-10; MTD Reply 4-5.

Further, *Shaffer* declined to rely on GW's customary practice of providing in-person instruction as the basis for an enforceable obligation to continue doing so.  Ex. A at 5.  Like GW, American cannot be bound to provide in-person instruction solely as a result of its purported history and custom of doing so.  MTD 9-10, 11; MTD Reply 4-5, 6.

Finally, *Shaffer* concluded that two reservation of rights provisions in the school's bulletin allowed the university to change its courses, programs, and fees as it deemed necessary, further foreclosing the plaintiffs' contract claims against GW.   Ex. A at 6.  That conclusion applies with equal force here:  Plaintiffs have no contractual right to in-person instruction because the University Catalog expressly reserves discretion to American to shape and change its method of instruction.  MTD 15-16; MTD Reply 10-12.

Separately, with respect to the plaintiffs' quasi-contractual claims, *Shaffer* held that neither the cause of action for unjust enrichment nor the claim for conversion could proceed because an express contract exists between the parties, Ex. A at 6-7, precisely what American has argued before this Court, MTD 21, 24; MTD Reply 16-17, 19-21.

Dated: March 26, 2021                                Respectfully submitted,

*/s/ Alan E. Schoenfeld*
Alan E. Schoenfeld (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7294
alan.schoenfeld@wilmerhale.com

Bruce M. Berman (#333948)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6173
bruce.berman@wilmerhale.com

*Attorneys for Defendant American University*
