# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MAAZ QURESHI, individually and on behalf of others similarly situated**, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01141 |
| | ) | |
| **AMERICAN UNIVERSITY**, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| **MATTHEW RABINOWITZ, individually and on behalf of others similarly situated,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01454 |
| | ) | |
| **AMERICAN UNIVERSITY**, | ) | |
| | ) | |
| *Defendant.* | ) | |
| **DANISH ARIF, individually and on behalf of others similarly situated**, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01555 |
| | ) | |
| **AMERICAN UNIVERSITY**, | ) | |
| | ) | |
| *Defendant.* | ) | |

## PLAINTIFFS' SEVENTH NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Maaz Qureshi, Matthew Rabinowitz, and Danish Arif, individually and on behalf

of all others similarly situated (collectively, "Plaintiffs"), hereby provide this Seventh Notice of

Supplemental Authority from other COVID-19 tuition and fee refund actions related to Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss (ECF 28).

The following opinions and orders deny the university defendants' motions to dismiss, supporting plaintiffs' claims on similar grounds.

### I.     Supplemental Authority

1).     *Nguyen v. Stephens Inst.*, Case No. 20-cv-04195-JSW, 2021 U.S. Dist. LEXIS 60820 (N.D. Cal. Mar. 30, 2021), filed herein as Exhibit A.

2).     *Omori v. Brandeis Univ.*, Case No. 1:20-cv-11021-NMG, Memorandum & Order (D. Mass. April 14, 2021), filed herein as Exhibit B.

The court in *Nguyen* agreed that the plaintiff sufficiently plead a cause of action for breach of contract, with the plaintiff pointing to numerous manifestations and statements made by the defendant through its "'marketing, advertisements, and other public representations'" as well as circulars. *Nguyen*, 2021 U.S. Dist. LEXIS 60820 at * 10 (N.D. Cal. Mar. 30, 2021). *See, also, id.* at * 11 ("It is thus fair to infer [the plaintiff] expected to have access to on-campus services in exchange for his payment of fees…In turn, because [a mandatory fee] is only charged for those students enrolled for on-campus classes, it is likewise reasonable to infer that he paid tuition with the expectation to receive in-person instruction.").

The Massachusetts court in *Omori* denied defendant Brandeis University's motion to dismiss plaintiffs' claims for breach of contract and unjust enrichment for both tuition and fees. The court states that "the factual allegations in the complaint support the inference that Brandeis should have reasonably expected its prospective students to understand its promotion of 'hands-on experience' and 'state-of-the-art studios', among other things, to be an offer of in-person instruction and on-campus facilities and experience." *Omori*, Case No. 1:20-cv-11021-NMG, Memorandum & Order at * 8 (D. Mass. April 14, 2021).  Similar to the present case wherein

Defendant argues that its disclaimers reserve it the right to unilaterally and materially alter its methods of instruction in the middle of the semester, the *Omori* court opines that, "[a]lthough Brandeis has reserved the right to make some changes to its course offerings, this Court cannot, at this stage of the litigation, rule as a matter of law that the disclaimer includes the right to convert all in-person courses to an online format." *Id.*  Similarly, the Massachusetts court concluded in *Omori* that "plaintiffs state plausibly that they conferred a benefit on Brandeis (on-campus tuition and fees) and that Brandeis accepted that benefit without providing the on-campus experience for which plaintiffs paid, namely, in-person instruction and access to on-campus resources and facilities." *Id.* at *10.

Defendant has cited a recently issued order granting the defendant Santa Clara University's ("SCU") motion to dismiss in the analogous COVID-19 higher education tuition and fee refund lawsuit, *Abuelhawa v. Santa Clara Univ.*, Case No. 20-CV-04045-LHK, 2021 U.S. Dist. LEXIS 61263 (N.D. Cal. Mar. 29, 2021).  While on its face the Order may seem persuasive and unfavorable to the present case, in reality *Abuelhawa* and *Qureshi* are inapposite.  Primarily, the standard as set forth in *Abuelhawa* in terms of contract interpretation is inapplicable in D.C. courts. *See, id.* at *5.  It is therefore important to reiterate the applicable "reasonable expectation" standard in D.C. *See Giles v. Howard Univ.*, 428 F. Supp. 603, 605 (D.D.C. 1977) ("[T]he standard is that of reasonable expectation what meaning the party making the manifestation, the University, should reasonably expect the other party to give it.").

Second, the court's opinion in *Abuelhawa* significantly contradicts the same district and other California state and district courts' rulings on the same issues.  *See Saroya v. Univ. of the Pacific*, 2020 WL 7013598 at *5 (N.D. Cal. Nov. 27, 2020) (finding that the plaintiff had sufficiently alleged that the defendant's publications "when considered together" established a

contractual arrangement wherein students would pay tuition and fees in exchange for defendant's provision of in-person educational services, experiences, opportunities, and other institutional services.); *see, also, McCarthy v. Loyola Marymount Univ.*, Case No.: 2:20-cv-04668-SB (JEMx), 2021 WL 268242 at *4 (C.D. Cal. Jan. 8, 2021) (finding that the plaintiff sufficiently identified promises to provide in-person course instruction stemming from numerous statements publishing and promoting in-person teaching and on-campus services, resources, and other amenities.); *Verlanga v. Univ. of San Francisco*, Case No. CGC-20-584829, 2020 Cal. Super LEXIS 1785 (Sup. Ct. Nov. 12, 2020).

Lastly, the *Abuelhawa* court relies heavily on the opinion in *Lindner v. Occidental Coll.*, No. 20-CV-08481-JFW, 2020 WL 7350212 (C.D. Cal. Dec. 11, 2020), which itself relies heavily on *Chong v. Northeastern Univ.*, _ F. Supp. 3d _, 2020 WL 5847626 (D. Mass. Oct. 1, 2020) ("*Chong I*"). The *Chong I* motion to dismiss was reheard after Plaintiff filed an amended complaint, and defendant Northeastern University's subsequent motion to dismiss was thereafter denied. *See Chong v. Northeastern Univ.*, 2020 U.S. Dist. LEXIS 233923 (D. Mass. Dec. 14, 2020) ("*Chong II*"). The Court in *Abuelhawa* granted the plaintiffs leave to amend their complaint.

Defendant also cites to the recent decision in *Buschauer v. Columbia Coll. Chi.*, No. 20 C 3394, 2021 U.S. Dist. LEXIS 67157 (N.D. Ill. Apr. 6, 2021) granting the defendant's motion to dismiss. This case is similarly distinguishable. Unlike the present case, plaintiff in *Buschauer* failed to identify any specific, identifiable promises. The Illinois court states, "as the Seventh Circuit has noted in the educational setting, an argument 'that the exact details of the contract will become clear during discovery runs counter to the holding of *Twombly*, which dictates that the complaint itself must contain sufficient factual detail to describe the parameters of the contract before discovery may commence.'" *Buschauer v. Columbia Coll. Chi.*, No. 20 C 3394, 2021 U.S.

Dist. LEXIS 67157, at *13-14 (N.D. Ill. Apr. 6, 2021), quoting *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). The court continues, "in the student-university context, 'the student's complaint must be specific about the source of this implied contract, the exact promises the university made to the student, and the promises the student made in return.'" *Id.* at *14, quoting *Charleston v. Bd. of Trs. of the Univ. of Ill.*, 741 F.3d 769, 773 (7th Cir. 2013).

Plaintiffs here have sufficiently pled the existence of an enforceable obligation by Defendant to provide in-person, on-campus instruction, access to accompanying facilities and resources, and additional paid-for services, and have identified specific contractual obligations. For example, Plaintiffs have alleged that Defendant has charged specific, mandatory fees meant to cover particular services, resources, or activities, as promised by Defendant with published and unambiguous descriptions. Examples include the activity fee, the sports center fee, the technology fee, and the Metro U-Pass fee. Pl. Am. Compl. [ECF 26] ¶¶ 33-37. Defendant does not offer online-only courses; in fact, Defendant explicitly promises "'a focus on experiential learning.'" *Id.* at ¶ 87. Defendant promises and promotes a vibrant community, state-of-the-art facilities, and campus amenities. *Id.* at ¶¶ 97-99. It is simply illogical to infer that Defendant presented these statements in its publications, yet did not intend to be bound by them. Further, Plaintiffs have made no assertions that the contractual terms will be made clear in discovery, having laid out specific, express terms in the form of Defendant's numerous publications, assertions, and circulars, and not solely from marketing materials. The *Buschauer* court dismissed the plaintiff's complaint without prejudice.

Plaintiffs respectfully request that the recent decisions cited by Plaintiffs further Plaintiffs' position in this matter in opposition of Defendant's Motion to Dismiss.

Dated:  April 14, 2021                                    Respectfully Submitted:

**DOUGLAS & BOYKIN PLLC**

/s/:  *Curtis A. Boykin*
Curtis A. Boykin, DC Bar 444120
1850 M Street, NW, Suite 640
Washington, District of Columbia 20036
(202) 776-0370
caboykin@douglasboykin.com

**ANASTOPOULO LAW FIRM, LLC**
Eric M. Poulin*
Roy T. Willey, IV*
32 Ann Street
Charleston, SC 29403
(843) 614-8888
eric@akimlawfirm.com
roy@akimlawfirm.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (admitted *pro hac vice*)
Sarah N. Westcot (admitted *pro hac vice*)
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
(305) 330-5512
scott@bursor.com
swestcot@bursor.com

**THE SULTZER LAW GROUP P.C.**
Jason P. Sultzer (admitted *pro hac vice*)
Jeremy Francis (admitted *pro hac vice*)
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
(845) 483-7100
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

*Co-Lead Interim Class Counsel*

**ATTORNEYS FOR PLAINTIFF(S)**

* Admitted via *pro hac vice*

## CERTIFICATE OF SERVICE

I, Curtis A. Boykin, hereby certify that on April 14, 2021 a true and correct copy of the instant notice was served via the Court's electronic filing system to all counsel of record.

/s/:  *Curtis A. Boykin*
Curtis A. Boykin

# __EXHIBIT A__

*Nguyen v. Stephens Inst.*,
Case No. 20-cv-04195-JSW,
2021 U.S. Dist. LEXIS 60820
(N.D. Cal. Mar. 30, 2021)

No *Shepard's* Signal™
As of: April 1, 2021 2:35 PM Z

## *Nguyen v. Stephens Inst.*

United States District Court for the Northern District of California

March 30, 2021, Decided; March 30, 2021, Filed

Case No. 20-cv-04195-JSW

**Reporter**
2021 U.S. Dist. LEXIS 60820 *

DUY NGUYEN, Plaintiff, v. STEPHENS INSTITUTE, Defendant.

## Core Terms

in-person, on-campus, tuition, motion to dismiss, unjust enrichment, conversion claim, alleges, promise, Enrollment, judicial notice, semester, breach of contract claim, argues, Exhibits, fails, contractual, student activity, quasi-contract, conversion, Catalog, alleged facts, quotation, courses, online, marks

**Counsel:  [*1]** For Duy Nguyen, on behalf of himself and other individuals similarly situated |, Plaintiff: David Ryan Shoop, LEAD ATTORNEY, PRO HAC VICE, SHOOP APLC, Beverly Hills, CA USA; Michael A Tompkins, Leeds Brown Law, P.C., Carle Place, NY USA; Thomas Steven Alch, Shoop, A Professional Law Corporation, Beverly Hills, CA USA.

For Stephens Institute, Inc., doing business as | Academy of Art *University* |, Defendant: Gerald Matthew Ritzert, Steven Martin Gombos, LEAD ATTORNEYS, PRO HAC VICE, Ritzert and Leyton PC, Fairfax, VA USA; Jacob C. Shorter, LEAD ATTORNEY, PRO HAC VICE, Gombos Leyton PC, Fairfax, VA USA; Paul David Fife, Fife Law, LLP, San Francisco, CA USA.

**Judges:** JEFFREY S. WHITE, United States District Judge.

**Opinion by:** JEFFREY S. WHITE

## Opinion

**ORDER GRANTING, IN PART, AND DENYING, IN PART DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 24

Now before the Court for consideration is the motion to dismiss filed by Stephens Institute. Having reviewed the parties' papers, relevant legal authority, and record in this case, the Court hereby GRANTS, IN PART, AND DENIES, IN PART, the motion to dismiss.

**BACKGROUND**

This case is one of many lawsuits across the nation relating to a *university*'s decision to transition in-person class instruction **[*2]** to online and to close on-campus services in response to the *COVID-19* pandemic. Stephens Institute is a for-profit corporation doing business as the Academy of Art *University* ("AAU"), a private *university* located in San Francisco, CA.

Duy Nguyen ("Nguyen") was enrolled as an undergraduate student at AAU. According to Nguyen, he and AAU entered into a contract where Nguyen agreed to pay tuition and fees in exchange for AAU providing in-person instruction and access to on-campus services. (Compl. ¶ 7, 10.) Nguyen alleges AAU made these promises in its "marketing, advertisements, and other public representations." (*Id.* ¶ 8.) In Nguyen's Enrollment Agreement with AAU, the parties agreed Nguyen would pay the Student Activity Fee. (Dkt. No. 24, Declaration of Jacob Shorter ("Shorter Decl.") Ex. 10, at 2.) As defined in the Spring 2020 Catalog Addendum, the Student Activity Fee "[c]overs various services provided on-campus. This includes services from the Academic Resource Center, some special

events and bus services. Students taking one or more courses on-campus are charged this fee whether or not they avail themselves of the services." (Dkt. No. 24, Declaration of Chris Visslaili ("Visslaili [**3**] Decl.") Ex. 16, at 28.) This fee is waived for students taking solely online courses. (Shorter Decl. Ex. 10, at 2; Visslaili Decl. Ex. 16, at 28.)

Nguyen enrolled for the Spring 2020 semester and paid tuition and fees to AAU. (Compl. ¶¶ 9, 10.) Over a month into the Spring 2020 semester, AAU announced that it was transitioning all in-person class instruction to online in response to the ***COVID-19*** pandemic. (*Id.* ¶ 12.) As a result, Nguyen claims AAU breached the contract when it failed to fulfill its promise to provide in-person instruction and access to on-campus services. (*Id.* ¶ 15.) Nguyen claims he is entitled to a pro-rata refund of tuition and fees for the in-person instruction and on-campus services he did not receive from AAU. (*Id.* ¶ 17.)

Nguyen brings this putative class action on behalf of all those who paid tuition and fees for the Spring 2020 semester at the ***University***. He sues AAU for breach of contract, conversion, and unjust enrichment. AAU now moves to dismiss Nguyen's claims for failure to state his claims for relief under *Federal Rule of Civil Procedure 12(b)(6)*.

**A. Applicable Legal Standard**.

A motion to dismiss is proper under *Rule 12(b)(6)* where the pleadings fail to state a claim upon which relief can be granted. The **[*4]** Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008)*. Even under the liberal pleading standard of *Rule 8(a)(2)*, Nguyen must provide more than mere labels, conclusions, and formulaic recitations of their claims' requisite elements. *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. Nguyen must allege "enough facts to state a claim to relief that is plausible on its face." *Id. at 570*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (citing *Twombly, 550 U.S. at 556*)).

If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990)*; *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 246-47 (9th Cir. 1990)*.

**B. Request for Judicial Notice**.

AAU requests the Court to take judicial notice of two sets of exhibits. Nguyen does not oppose AAU's requests.

Generally, "a district court may not consider any material beyond the pleadings in ruling on a *Rule 12(b)(6)* motion." *Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)*, *overruled on other grounds as recognized in Galbraith v. Cty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002)* (internal quotation marks omitted). However, the Court may take judicial notice of a fact that is not subject to reasonable dispute. *Fed. R. Evid. 201(b)*.

In the first set of **[*5]** exhibits, AAU requests the Court to take judicial notice of specific facts contained in various government publications regarding the spread of ***COVID-19***. (Shorter Decl. Exs. 1, 3, 5, 13, 14.) Generally, a court may take judicial notice of government publications. *See McDougall v. Cty. of Ventura, Case No.: 2:20-cv-02927-CBM-AS, 2020 U.S. Dist. LEXIS 196777, 2020 WL 6532871, at *3 (C.D. Cal. Oct. 21, 2020)*; *Hadley v. Kellogg Sales Co., 243 F. Supp. 3d 1074, 1088 (N.D. Cal. 2017)*. While these documents are proper subjects for judicial notice, the Court need not consider these facts to resolve the motion to dismiss. *See also Saroya v. **Univ.** of the Pac., Case No. 5:20-cv-03196-EJD, 2020 U.S. Dist. LEXIS 222089, 2020 WL 7013598, at *3 (N.D. Cal. Nov. 27, 2020)* (denying defendant's request to take judicial of government publications concerning ***COVID-19*** as unnecessary to the motion to dismiss analysis)). Accordingly, the Court DENIES AAU's request to take judicial notice of Exhibits 1, 3, 5, 13, and 14.

In the second set of exhibits, AAU requests the Court to take judicial notice of specific facts contained in various news articles regarding the spread of ***COVID-19*** in the Bay Area and the community's response to the pandemic. (Shorter Decl., Exs. 2, 4, 6, 12.) A court may generally take judicial notice of news articles, but it may only do so to "indicate what was in the public realm at the time, not whether the contents of those **[*6]** articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010)* (quoting *All. Premier Growth Fund v. All. Capital Mgmt. L.P., 435 F.3d 396, 400 n. 14 (3d Cir. 2006)*). Again, the Court need not consider the facts contained in these publications to resolve the motion to dismiss. Accordingly, the Court DENIES AAU's request to take judicial notice of Exhibits 2, 4, 6, and 12.

AAU also seeks to incorporate by reference a set of ***university*** documents, most of which concern AAU's response to

*COVID-19* and the Spring 2020 semester. (Shorter Decl., Ex. 10; Visslaili Decl. Exs. 7, 8, 9, 10, 15, 16.) The incorporation-by-reference doctrine allows a court to "treat[] certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018)*. A "defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* (quoting *United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003))*. When a court incorporates a document by reference, it may assume all contents of the document are true for the purposes of a motion to dismiss under *12(b)(6)*. *Id. at 1003* (citing *Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006))*.

Here, Exhibits 7 and 8 are communications sent from AAU's president concerning the *university*'s response to *COVID-19* and updates regarding fees. Exhibit 9 is a document outlining important dates for the Spring 2020 semester. Exhibit **[*7]** 10 is Nguyen's Enrollment Agreement with AAU. Exhibit 15 is a press release from AAU regarding its students' use of 3D technology to produce face shields for front-line workers. Exhibit 16 is a copy of AAU's Spring 2020 Catalog Addendum. Because Exhibits 7, 8, 9, 10, and 16 all deal with issues related to Nguyen's underlying claims, the Court GRANTS AAU's request to incorporate these exhibits. The Court DENIES, however, AAU's motion to incorporate Exhibit 15 because it is irrelevant to this case.

### C. Failure to State Claims for Relief.

### 1. Nguyen Sufficiently Alleges Facts to State a Breach of Contract Claim.

The first issue is whether Nguyen sufficiently alleges facts to state a breach of contract claim. To prevail on a breach of contract claim, Nguyen must allege (1) that a contract existed, (2) his performance or excuse for nonperformance, (3) AAU's breach, and (4) damages. *Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821, 124 Cal. Rptr. 3d 256, 250 P.3d 1115 (2011)*. "[T]he basic legal relationship between a student and a private *university* is contractual in nature." *Kashmiri v. Regents of Univ. of California, 156 Cal. App. 4th 809, 823-24, 67 Cal. Rptr. 3d 635 (2007)* (citing *Zumbrun v. Univ. of S. California, 25 Cal. App. 3d 1, 10, 101 Cal. Rptr. 499 (1972))*. A contract is formed between a student and *university* when the student matriculates to the *university* and pays the required fees. *Id. at 824*.

Because a formal contract between a student and *university* is rarely **[*8]** prepared, "the general nature and terms of the agreement are usually implied, with specific terms to be found in the *university* bulletin and other publications; custom and usages can also become specific terms by implications." *Id. at 828* (internal quotation marks omitted). But not all statements in a *university*'s publications become contractual obligations. *Id. at 829*. Whether such statements become part of the contract, the Court looks at the reasonableness of the parties' expectations at the time the contract was formed by looking at the totality of the circumstances. *Id. at 831-32*. "The reasonableness of the student's expectation is measured by the definiteness, specificity, or explicit nature of the representation at issue." *Id. at 832*; *but see Zumbrun, 25 Cal. App 3d at 10 (1972)* (noting that by default all "catalogues, bulletins, circulars, and regulations of the institution made available to the matriculant become a part of the contract")).

AAU argues Nguyen fails to state a breach of contract claim for several reasons. AAU argues it entered into an express Enrollment Agreement with Nguyen, which controls this dispute. AAU correctly asserts that nowhere in the Enrollment Agreement did it promise to provide in-person instruction or access to on-campus services. **[*9]** What AAU neglects to mention is the Enrollment Agreement is not inclusive of all terms of the contract. (*See* Shorter Decl. Ex. 10, at 1 ["[This Enrollment Agreement] IS PART OF YOUR CONTRACT WITH THE *UNIVERSITY*"].) Indeed, as Nguyen alleges and makes clear in his opposition, AAU made the promise to provide in-person instruction and access to on-campus services in its "marketing, advertisements, and other public representations," (Compl. ¶ 7), coupled with any statements made in the Enrollment Agreement. As such, these statements collectively formed the implied contract to where AAU allegedly promised to provide in-person instruction and access to on-campus services.

Even so, AAU argues Nguyen's breach of contract claim still fails because he does not identify specific statements in AAU's marketing, advertisements, and public representations from which it can be inferred AAU made this promise. To maintain his implied contract claim, Nguyen must identify those specific statements in AAU's publications that formed AAU's alleged promise. *See, e.g., Bridget McCarthy v. Loyola Marymount Univ., Case No.: 2:20-cv-04668-SB (JEMx), 2021 U.S. Dist. LEXIS 19215, 2021 WL 268242, at *4 (C.D. Cal. Jan. 8, 2021)* (finding plaintiff sufficiently identified a promise to provide in-person **[*10]** instruction where she identified numerous statements touting in-person teaching and on-campus experience); *Ford v. Rensselaer Polytechnic Inst., 1:20-CV-470, 2020 U.S. Dist. LEXIS 236692, 2020 WL 7389155, at *4 (N.D.N.Y. Dec. 16, 2020)* (finding plaintiff sufficiently identified specific statements in the *university* catalog touting the in-person nature of its program); *Saroya,*

*2020 U.S. Dist. LEXIS 222089, 2020 WL 7013598, at \*5* (finding plaintiff sufficiently identified a promise to provide in-person education where he consulted the ***university***'s course catalog, which provided "days and times" and "the location" where the courses would be held and identified various publications that reference the in-person nature and touted "campus life"); *Salerno v. Florida S. Coll., 488 F. Supp. 3d 1211, 1211 (M.D. Fla. 2020)* (finding plaintiff sufficiently identified a promise to provide in-person education where she identified the ***university***'s publications touting its on-campus resources and facilities)).

Here, Nguyen alleges AAU promised him in-person instruction and access to on-campus services through its "marketing, advertisements, and other public representations." (*Id.* ¶ 7.) Nguyen relies on statements contained in the Enrollment Agreement and Spring 2020 Catalog Addendum to bolster the allegations made in the complaint. Specifically, in the Enrollment Agreement, Nguyen and AAU agreed that he would **[\*11]** pay the student activity fee. (Shorter Decl. Ex. 10, at 2.) As defined in the Spring 2020 Catalog Addendum, the Student Activity Fee "[c]overs various services provided *on-campus*. This includes services from the Academic Resource Center, some special events and bus services. *Students taking one or more courses on-campus are charged this fee* whether or not they avail themselves of the services." (Visslailli Decl. Ex. 16, at 28.) Students taking solely online courses need not pay this fee. (*Id.; see also* Shorter Decl. Ex. 10, at 2 (Student activity fee is "[w]aive for on-line only students").) While Nguyen does not directly allege he paid the Student Activity Fee in the complaint, the parties agreed that AAU would bill him for this fee, and he paid fees for the Spring 2020 semester. (*See* Shorter Decl. Ex. 10, at 2.) It is thus fair to infer he expected to have access to on-campus services in exchange for his payment of fees. In turn, because this fee is only charged for those students enrolled for on-campus classes, it is likewise reasonable to infer that he paid tuition with the expectation to receive in-person instruction. The Court thus finds Nguyen alleges sufficient facts to state **[\*12]** a breach of contract claim.

AAU argues that, even if an implied contract existed, its performance is excused because the ***COVID-19*** pandemic rendered its performance impossible. The doctrine of impossibility would discharge AAU from performing under the contract if its performance was made impossible by a supervening event, the non-occurrence of which was a basic assumption on which the contract was formed. *See Restatement (Second) of Contracts § 261* (Am. Law. Inst. 1981)). AAU bears the burden of proving this affirmative defense. *Hensler v. City of Los Angeles, 124 Cal. App. 2d 71, 83, 268 P.2d 12 (1954)*. An affirmative defense may not ordinarily be raised on a motion to dismiss. *United States*

*Commodity Futures Trading Comm'n v. Monex Credit Co., 931 F.3d 966, 972 (9th Cir. 2019)*. "An affirmative defense may be considered if the defense is based on undisputed facts or if the basis for the argument appears on the face of the complaint and any materials the court takes judicial notice of." *Ellsworth v. U.S. Bank, N.A., 908 F. Supp. 2d 1063, 1083 (N.D. Cal. 2012)*.

The Court finds AAU's argument unavailing. To begin, it is unclear from the face of the complaint whether ***COVID-19*** rendered it physically impossible to provide in-person instruction and on-campus services. See also *Rosado v. Barry Univ. Inc., CASE NO. 1:20-CV-21813-JEM, 2020 U.S. Dist. LEXIS 204355, 2020 WL 6438684, at \*4 (S.D. Fla. Oct. 30, 2020)* ("Although the existence of ***COVID-19*** is generally known and cannot reasonably be questioned, that does not conclusively establish the defense of impossibility **[\*13]** . . . , particularly given the overlapping and sometimes contradictory state and local regulations, and evolving standards, for dealing with the virus.")). Moreover, AAU provides no authority supporting the application of impossibility in this context. Thus, the Court finds AAU has failed to carry its burden and declines to address this issue until these issues are fully developed.

Accordingly, the Court concludes that Nguyen alleges sufficient facts to state a breach of contract claim and DENIES AAU's motion to dismiss this claim.[1]

## 2. Nguyen Fails to Allege Sufficient Facts to State an Unjust Enrichment Claim.

The next issue is whether Nguyen sufficiently alleges facts to state his unjust enrichment claim. In California, there is no independent claim for unjust enrichment because unjust enrichment "describe[s] the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015)* (internal quotation marks omitted). While Nguyen raises an unjust enrichment claim, the Court "construe[s] the cause of action as a quasi-contract claim seeking restitution." *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal. App. 4th 221, 231, 166 Cal. Rptr. 3d 864 (2014)*; *see also Bruton v. Gerber Prods. Co., 703 F. App'x 468, 470 (9th Cir. 2017)* ("[T]he California Supreme Court has clarified **[\*14]**

---

[1] AAU's remaining argument regarding the refund policy is more appropriate for summary judgment or trial. *See also Saroya, 2020 U.S. Dist. LEXIS 222089, 2020 WL 7013598, at \*6* (noting the ***university*** argument regarding its tuition refund policy is "more appropriate at the dispositive motion stage")).

California law, allowing an independent claim for unjust enrichment to proceed[.]'")).

AAU moves to dismiss Nguyen's unjust enrichment claims for two reasons. AAU first argues Nguyen cannot maintain both claims for breach of contract and unjust enrichment simultaneously. As a matter of law, a quasi-contract claim for unjust enrichment "'cannot lie where there exists between the parties a valid express contract covering the same subject matter.'" *Rutherford Holdings, LLC, 223 Cal. App. 4th at 231* (quoting *Lance Camper Mfg. Corp. v. Republic Indem. Co., 44 Cal. App. 4th 194, 203, 51 Cal. Rptr. 2d 622 (1996)); see also Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1370, 108 Cal. Rptr. 3d 682 (2010)* ("As a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract."). Nguyen is correct that, at the pleading stage, he may alternatively allege both a breach of contract claim and a quasi-contract claim. *See Fed. R. Civ. P. 8(d)(2)*. But to do so, Nguyen must allege that the supposed contract between him and AAU was unenforceable or void. *See Saroya, 2020 U.S. Dist. LEXIS 222089, 2020 WL 7013598, at *6* (noting a plaintiff may alternatively plead a breach of contract claim and quasi-contract claim only if "the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid"); *Lennar Mare Island, LLC v. Steadfast Ins. Co., No. 2:12-cv-02182-KJM-KJN, 2016 U.S. Dist. LEXIS 27434, 2016 WL 829210, at *4 (E.D. Cal. Mar. 3, 2016)* (same)).

Here, Nguyen alleges an enforceable contract existed between him and AAU but fails [*15] to allege that the same contract was unenforceable or void. Accordingly, the Court finds he does not adequately plead his unjust enrichment claim. *See also Saroya, 2020 U.S. Dist. LEXIS 222089, 2020 WL 7013598, at *6* (dismissing plaintiff's unjust enrichment claim because he "did not deny the existence or enforceability of the alleged enforceable agreement"); *Lindner v. Occidental Coll., Case No. CV 20-8481-JFW(RAOx), 2020 U.S. Dist. LEXIS 235399, 2020 WL 7350212, at *9 (C.D. Cal. Dec. 11, 2020)* (dismissing unjust enrichment claim where it was undisputed that the relationship between a student and a **university** was governed by a contract)).

AAU also argues Nguyen fails to allege facts showing that it unjustly retained the tuition and fees at Nguyen's expense. To prevail on a quasi-contract claim based on an unjust enrichment theory, Nguyen must allege that AAU received a benefit, and it unjustly retained that benefit at Nguyen's expense. *Lyles v. Sangadeo-Patel, 225 Cal. App. 4th 759, 769, 171 Cal. Rptr. 3d 34 (2014)*. Merely conferring some benefit to another is insufficient by itself to require the other party to pay restitution. *Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1593, 80 Cal. Rptr. 3d 316 (2008)*. "There is no

equitable reason for invoking restitution when the plaintiff gets the exchange which he expected." *Id. at 1593* (quoting *Comet Theatre Enters., Inc. v. Cartwright, 195 F.2d 80, 83 (9th Cir. 1952))*. Here, Nguyen alleges that AAU promised him in-person instruction and access to on-campus services but failed to deliver on its promise. Despite AAU's failure [*16] to deliver on its promise, Nguyen alleges AAU has kept all the tuition and fees for which he paid. The Court finds these allegations sufficient to infer that AAU has unjustly retained the tuition and fees for which Nguyen paid.

Accordingly, the Court GRANTS, IN PART, and DENIES, IN PART AAU's motion to dismiss Nguyen's quasi-contract claim for unjust enrichment.

### 3. Nguyen Fails to Allege Sufficient Facts to State a Conversion Claim.

The last issue is whether Nguyen sufficiently alleges facts to state a conversion claim. "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages[.]" *Lee v. Hanley, 61 Cal. 4th 1225, 1240, 191 Cal. Rptr. 3d 536, 354 P.3d 334 (2015)* (internal quotation marks omitted).

AAU moves to dismiss Nguyen's conversion claim for three reasons. First, AAU argues Nguyen's conversion claim fails because it is based on the alleged breach of contract. A plaintiff may not ordinarily recover for the tort of conversion "for the breach of duties that merely restate contractual obligations." *Aas v. Superior Court, 24 Cal. 4th 627, 643, 101 Cal. Rptr. 2d 718, 12 P.3d 1125 (2000), superseded by statute on other grounds [*17] as recognized in Rosen v. State Farm Gen. Ins. Co., 30 Cal. 4th 1070, 135 Cal. Rptr. 2d 361, 70 P.3d 351 (2003)*. "Conduct amounting to a breach of contract becomes tortious only when it also violates an independent duty arising from principles of tort law." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 515, 28 Cal. Rptr. 2d 475, 869 P.2d 454 (1994)*. "An omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty." *Erlich v. Menezes, 21 Cal. 4th 543, 551, 87 Cal. Rptr. 2d 886, 981 P.2d 978 (1999)* (internal quotation marks omitted).

In support of his conversion claim, Nguyen alleges he has "an ownership right to the in-person educational services" for his payment of tuition and fees for the Spring 2020 semester. (Compl. ¶ 60.) According to Nguyen, AAU interfered with his ownership right when AAU "canceled in-person

instruction[]" for the remainder of the semester. (*Id.* ¶ 61.) Nguyen claims that because AAU failed to deliver on its promise, AAU wrongfully converted the tuition and fees he paid for the Spring 2020 semester. (*See id.* ¶ 63.) These allegations make clear that Nguyen's conversion claim is premised on AAU's breached contractual duty to provide in-person instruction and access to on-campus services. Nguyen cannot recover though for conversion "for breach of duties that merely restate[s] [AAU's] contractual obligations." *Aas, 24 Cal. 4th at 643*; *see also* [*18] *In re Columbia Tuition Refund Action, 20-CV-3208(JMF), 20-CV-3210(JMF), 2021 U.S. Dist. LEXIS 36659, 2021 WL 790638, at *9 (S.D.N.Y Feb. 26, 2021)* (dismissing plaintiffs' conversion claim where it was predicated on the *university*'s contractual duty to provide in-person instruction and on-campus services)).

The Court finds unpersuasive Nguyen's argument that he can maintain a conversion claim because it is based on an independent harm—AAU's alleged wrongful retention of his tuition and fees—and because he seeks additional punitive damages. Nguyen misunderstands the law. To maintain his conversion claim, he must allege AAU had an *independent duty* separate from its contractual duty that would show AAU's retention of his tuition and fees is unlawful. *Applied Equip. Corp., 7 Cal. 4th at 515*. Nguyen has not done so here.

Second, AAU argues Nguyen's conversion claim fails because it is a generalized claim for money. A generalized claim for money is not actionable as conversion unless there is a specific, identifiable sum involved. *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 395, 58 Cal. Rptr. 3d 516 (2007)*. Nguyen "must specifically identify the amount of money converted, not that a specific, identifiable amount of money has been entrusted to [AAU]." *Welco Elecs., Inc. v. Mora, 223 Cal. App. 4th 202, 216, 166 Cal. Rptr. 3d 877 (2014)*.

Here, Nguyen alleges he paid a total of approximately $12,601.00 for tuition and fees for the Spring 2020 semester. (Compl. ¶ 9.) Nguyen does not seek to recover the entire amount of tuition [*19] and fees he paid but rather seeks an unspecified "pro-rata share of the tuition and fees" for AAU's alleged failure to provide in-person educational services, experiences, and opportunities. (*Id.* ¶ 63.) An obligation to pay an unspecified, nonidentifiable amount of a "pro-rata share of tuition and fees," as Nguyen does here, is insufficient to qualify for recovery under a conversion claim. *See also Saroya, 2020 U.S. Dist. LEXIS 222089, 2020 WL 7013598, at *7* (dismissing conversion claim where plaintiff sought "unspecified 'prorated portion' of tuition and fees for educational services not provided"); *Lindner, 2020 U.S. Dist. LEXIS 235399, 2020 WL 7350212, at *10* (same); *Salerno, 488 F. Supp. 3d at 1211* (same)). Accordingly, Nguyen

cannot recover for a conversion claim for a pro-rata share of his tuition and fees.

Third, AAU argues Nguyen fails to allege how it wrongfully asserted dominion over his personal property. However, because AAU fails to provide any legal authority to explain in support of its argument, the Court concludes it has failed to carry its burden on this ground.

Accordingly, the Court GRANTS AAU's motion to dismiss Nguyen's conversion claim.

## CONCLUSION

For the above reasons, the Court GRANTS AAU's motion to dismiss. The Court also GRANTS Nguyen leave to amend the complaint. If Nguyen elects to do so, he shall file and **[*20]** serve it within 14 days of the date of this Order, and Stephens Institute shall file either an answer or move to dismiss within 20 days of service of the amended complaint.

**IT IS SO ORDERED**.

Dated: March 30, 2021

/s/ Jeffrey S. White

JEFFREY S. WHITE

United States District Judge

**End of Document**

# **EXHIBIT B**

*Omori v. Brandeis Univ.*,
Case No. Case No. 1:20-cv-11021-
NMG, Memorandum & Order (D.
Mass. April 14, 2021).

**United States District Court**
**District of Massachusetts**

```
_____
                                    )
ALAN THOMAS OMORI and JOHN DOE,     )
individually and on behalf of all   )
others similarly situated,          )
                                    )
          Plaintiffs,               )
                                    )      Civil Action No.
          v.                        )      20-11021-NMG
                                    )
BRANDEIS UNIVERSITY                 )
                                    )
          Defendant.                )
_____ )
```

**MEMORANDUM & ORDER**

GORTON, J.

This putative class action arises out of the decision by Brandeis University ("Brandeis" or "defendant") to retain the full amount of tuition and fees collected from students for the Spring, 2020, semester despite closing its on-campus facilities and transitioning from in-person to online learning in response to the COVID-19 pandemic. Plaintiffs Alan Thomas Omori ("Omori") and John Doe ("Doe") (collectively, "plaintiffs" or "the students") allege that the failure of Brandeis to reimburse students for the tuition differential between in-person and online education constitutes breach of contract, unjust enrichment and conversion.

Pending before this Court is defendant's motion to dismiss the Consolidated Class Action Complaint ("the complaint") and plaintiff John Doe's motion to proceed under a pseudonym. For

- 1 -

the reasons that follow, plaintiff's motion will be allowed and
defendant's motion will be allowed, in part, and denied, in
part.

I.  **Background**

At the beginning of the Spring, 2020, academic term,
plaintiffs were enrolled as full-time undergraduate students at
Brandeis University, a private educational institution in
Waltham, Massachusetts.  The students had registered and paid
for in-person courses, purportedly expecting to receive access
to on-campus instruction, facilities and experience.

Prior to the COVID-19 pandemic, Brandeis provided its
students with such an on-campus, in-person educational
experience and offered only a few online courses.  On March 11,
2020, however, Brandeis announced that all of its classes would
be conducted in an online format due to the spread of the
coronavirus.  In the following days, Brandeis closed its library
and other campus facilities, cancelled all in-person meetings
and events, required all non-exempt students to move off campus
and declared that remote-only instruction would continue for the
remainder of the semester.  The University offered students
prorated refunds of room and board but declined to refund
tuition and other fees.

In response, plaintiffs, on their own behalf and on behalf
of other students, brought this four-count complaint, alleging

breach of contract (express and implied (Counts I & II), unjust enrichment (Count III) and conversion (Count IV). They seek to recover from Brandeis tuition and fees and/or room and board allegedly paid in consideration for "in-person instruction and use of campus facilities" which were denied during the second half of the Spring, 2020, academic term.

## II. __Motion to Dismiss__

### A. Legal Standard

To survive a motion under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). A court also may not disregard properly pled factual allegations even if actual proof of those facts is

improbable. Ocasio-Hernandez, 640 F.3d at 12. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

### B. Application

#### i. Educational Malpractice and Academic Freedom

As a threshold matter, the contention of the University that plaintiffs' claims are simply disguised educational malpractice claims barred under Massachusetts law and the First Amendment to the United States Constitution is unavailing. The complaint challenges neither the substance nor the quality of the specific online courses or curriculum provided by Brandeis. See Chong v. Northeastern Univ., No. 20-cv-10844, 2020 WL 7338499, at *2 n.1 (D. Mass. Dec. 14, 2020) ("The court is not convinced that plaintiffs' contract claim is merely a disguised educational malpractice claim [as] it appears to challenge the mere fact of the switch from in-person to online instruction, not the quality of the online education . . ." (emphasis in original)).

Moreover, plaintiffs do not complain that the online education provided by Brandeis was ineffective, or that they were unable to learn the relevant subject matter or earn academic credits. See Patel v. Univ. of Vt. and State Agric. Coll., No. 20-cv-61, 2021 WL 1049980, at *5 (D. Vt. Mar. 15,

- 4 -

2021) (finding similar claims different from educational malpractice because the students were not challenging the effectiveness of online learning). Instead, plaintiffs seek the reimbursement for services for which they purportedly bargained and paid, i.e. in-person instruction and access to on-campus facilities. See In re Boston University COVID-19 Refund Litig., -- F. Supp. 3d --, 2021 WL 66443, at *2 n.5 (D. Mass. Jan. 7, 2021).

Such claims sound in contract, not educational malpractice, and are therefore justiciable. Id. As the Seventh Circuit Court of Appeals has explained,

> [i]n these cases, the essence of the plaintiff's complaint would not be that the institution failed to perform adequately a promised educational service, but rather that it failed to perform that service at all. Ruling on this issue would not require an inquiry into the nuances of educational processes and theories, but rather an objective assessment of whether the institution made a good faith effort to perform on its promise.

Ross v. Creighton University, 957 F.2d 410, 416 (7th Cir. 1992); see also Holmes v. Univ. of Mass. Suffolk Cty. Super. Ct., No. 208-cv-01025-B, slip op. at *5 n.3 (Mar. 8, 2021) ("I agree with the many courts who have considered this question, locally and farther afield, that the sorts of claims pleaded here are not claims for educational malpractice." (internal marks omitted)).

Having concluded that plaintiffs have not made impermissible claims for educational malpractice, this Court

will determine whether plaintiffs have stated claims for relief
as to each Count.

### ii. Breach of Contract (Counts I and II)

Brandeis contends that plaintiffs have failed to state a
claim for breach of contract, either express or implied, because
they have identified no legal basis for any contractual right to
in-person instruction.  It submits that the University made no
contractual promise to provide exclusively in-person instruction
under all circumstances, let alone during a pandemic, and has,
instead, expressly "reserve[d] the right [of Brandeis] to make
any changes in the course offerings without prior notice."  That
right, according to Brandeis, provides it with the discretion to
find, inter alia,

> a substitute for a renowned teacher who becomes ill, shift
> students from one classroom to another, or (as here)
> provide substitute means of teaching existing courses with
> the same professors and requirements.

Plaintiffs respond that the statements in Brandeis' online
publications, academic bulletins and course listings constitute
a specific promise to provide in-person instruction and on-
campus opportunities.  The University Bulletin, for instance,
states that Brandeis offers "hands-on experience" and "state-of-
the-art studios".  The course listings, furthermore, reference
specific locations on campus at which each class is scheduled to
take place.  Finally, plaintiffs contend that tuition and fees

for online courses and programs are lower than those for in-person courses and programs, thereby indicating that online and in-person learning is differentiated.[1]

To state a cause of action for breach of contract under Massachusetts law, a plaintiff must show

> (1) a valid contract between the parties existed, (2) the plaintiff was ready, willing, and able to perform, (3) the defendant was in breach of the contract, and (4) the plaintiff sustained damages as a result.

In re Boston University COVID-19 Refund Litig., 2021 WL 66443, at *2 (quoting Bose Corp. v. Ejaz, 732 F.3d 17, 21 (1st Cir. 2013)).

In the private education context, Massachusetts law has long recognized "a contractual relationship between the school and the student," DMP v. Fay School ex rel. Bd. of Trustees, 933 F. Supp. 2d 214, 223 (D. Mass. 2013), the governing terms of which are often set forth in a combination of the school's handbooks, policy manuals, brochures and other promotional materials. Guckenberger v. Boston Univ., 974 F. Supp. 106, 150 (D. Mass. 1997). Courts interpreting such terms

> employ the standard of reasonable expectation—what meaning the party making the manifestation, the university, should reasonably expect the other party to give it.

---

[1] The complaint alleges that Brandeis charges more than $1,700 per credit hour for each in-person course but less than $1,200 per credit hour for each online course.

- 7 -

Bleiler v. Coll. Of Holy Cross, No. 11-cv-11541, 2013 WL
4714340, at *15 (D. Mass. Aug. 26, 2013).

Here, the factual allegations in the complaint support the
inference that Brandeis should have reasonably expected its
prospective students to understand its promotion of "hands-on
experience" and "state-of-the-art studios", among other things,
to be an offer of in-person instruction and on-campus facilities
and experience.  The complaint plausibly submits, furthermore,
that students paid the (higher) on-campus tuition and fees
charged for the Spring, 2020, academic term and registered for
on-campus courses in consideration for receiving such services,
hence forming a contract. See In re Boston COVID-19 Refund
Litig., 2021 WL 66443, at *2 ("[T]he court cannot, as a matter
of law, say that no student could have reasonably expected that
paying the tuition charged for the Spring semester of 2020 and
registering for on-campus course would entitle them to in-person
instruction.").  The claim is that, by purportedly denying
students such services while retaining full tuition, Brandeis
has breached that contract.

Although Brandeis has reserved the right to make some
changes to its course offerings, this Court cannot, at this
stage of the litigation, rule as a matter of law that the
disclaimer includes the right to convert all in-person courses
to an online format. See Grant v. Target Corp., No. 15-cv-12972,

2017 WL 2434777, at *4 (D. Mass. June 5, 2017) ("[E]ven where a manual contains unambiguous language disclaiming the formation of any contractual obligation, the overall context may sufficiently suggest a legally enforceable contract as to overwhelm the effect of the specific disclaimer." (internal quotation marks and citations omitted)). Accordingly, the COurt finds that plaintiffs have stated a claim for breach of contract and defendant's motion to dismiss will be denied as to Counts I and II.

### iii. Unjust Enrichment (Count III)

Under Massachusetts law, a claim for unjust enrichment requires a plaintiff to show that (1) he or she conferred a benefit upon the defendant, (2) the defendant accepted that benefit and (3) the defendant's retention of the benefit would be inequitable without payment for its value. Mass. Eye & Ear Infirmary v. QLT Photohterapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009).

Brandeis argues that plaintiffs cannot, as a matter of law, state a claim for unjust enrichment because they have an adequate remedy at law, namely, a breach of contract action. Citing Shaulis v. Nordstrom, Inc., 865 F.3d 1, 16 (1st Cir. 2017) (noting that "a party with an adequate remedy at law cannot claim unjust enrichment."). At the same time, Brandeis disputes the existence of any contract between the parties

requiring in-person instruction and access to on-campus facilities and resources.  Because plaintiffs plead unjust enrichment only to the extent that the parties do not have a contractual relationship, however, defendant's argument is of no avail. See In re Boston Univ. COVID-19 Refund Litig, 2021 WL 66443, at *3 (denying the defendant university's motion to dismiss as to both breach of contract and unjust enrichment claims, finding it "inappropriate for the court to find plaintiffs limited to a contractual remedy at this juncture.").

In any event, plaintiffs state plausibly that they conferred a benefit on Brandeis (on-campus tuition and fees) and that Brandeis accepted that benefit without providing the on-campus experience for which plaintiffs paid, namely, in-person instruction and access to on-campus resources and facilities. Plaintiffs also state plausibly that retention of such tuition and fees by the University is unjust in light of the factual allegation that the cost of providing online courses is less than in-person courses.  For those reasons, this Court will deny defendant's motion as to Count III.

### iv. Conversion (Count IV)

Conversion is the intentional or wrongful exercise of ownership or control by defendant over the personal property of another to which it has no right of possession. See Third Nat'l Bank v. Continental Ins. Co., 446 N.E.2d 380, 383 (Mass. 1983).

In order for money to be the subject of a conversion claim, the plaintiff must identify a specific pool or fund in which he or she has a possessory interest. See Wollaston Indus., LLC v. Ciccone, No. 19-cv-10678, 2019 WL 6841987, at *2 (D. Mass. Dec. 16, 2019).

Here, plaintiffs contend that they entrusted specific sums of money to Brandeis, i.e. tuition and fees, in order to receive in-person instruction.  Although Brandeis retained the money, plaintiffs aver, it failed to provide them with in-person instruction, thereby converting their funds.  Because plaintiffs seek a refund of only some unspecified, prorated portion of their payments rather than specific funds in which they have a possessory interest, however, they have not stated a claim for conversion. See Salerno v. Fla. Southern Coll., 488 F. Supp. 3d 1211, 1218 (M.D. Fla. 2020).

To the extent plaintiffs contend that Brandeis has converted their right to in-person education, moreover, those allegations likewise cannot support a claim for conversion because such rights do not constitute "personal property" for the purpose of that tort. See Karter v. Pleasant View Gardens, 248 F. Supp. 3d 299, 315 (D. Mass. 2017) (concluding that the theft of intangible property generally cannot support a claim for conversion).  Thus, Count IV will be dismissed.

III.   **Motion to Proceed by Pseudonym**

Doe also seeks leave to proceed under a pseudonym. Although he filed his motion only after filing the Consolidated Class Action Complaint, because Doe has stated that disclosure of his identity would cause him severe harm and harassment and defendant does not currently oppose the request, his motion will be allowed subject to later challenge if this case should proceed to trial. See Doe v. Trustees of Dartmouth Coll., No. 18-cv-040, 2018 WL 2048385, at *5-6 (D.N.H. May 2, 2018).

## ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 21) is, as to Count IV, **ALLOWED**, but is otherwise **DENIED**.   Count IV is hereby **DISMISSED**.

Plaintiff's motion to proceed under a pseudonym (Docket No. 29) is **ALLOWED**, for the time being.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated April 13, 2021

- 12 -